## RUSSELL *v.* DODGE.

1. Where a reissued patent is granted upon a surrender of the original, for its alleged defective or insufficient specification, such specification cannot be substantially changed in the reissued patent, either by the addition of new matter or the omission of important particulars, so as to enlarge the scope of the invention, as originally claimed. A defective specification can be rendered more definite and certain, so as to embrace the claim made, or the claim can be so modified as to correspond with the specification; but, except under special circumstances, this is the extent to which the operation of the original patent can be changed by the reissue.

2. Where the patent was for a process of treating bark-tanned lamb or sheep skin by means of a compound, in which heated fat liquor was an essential ingredient, and a change was made in the original specification, by eliminating the necessity of using the fat liquor in a heated condition, and making, in the new-specification, its use in that condition a mere matter of convenience, and by inserting an independent claim for the use of fat liquor in the treatment of leather generally, the character and scope of the invention, as originally claimed, were held to be so enlarged as to constitute a different invention.

3. The action of the Commissioner of Patents, in granting a reissue within the limits of his authority, is not open to collateral impeachment; but, his

authority being limited to a reissue for the same invention, the two patents may be compared to determine the identity of the invention. If the reissued patent, when thus compared, appears on its face to be for a different invention, it is void, the commissioner having exceeded his authority in issuing it.

4. *Klein* v. *Russell*, 19 Wall. 433, stated and qualified.

APPEAL from the Circuit Court of the United States for the Northern District of New York.

*Mr. Horace E. Smith* for the appellant.

*Mr. T. L. Wakefield, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

This is a suit for an infringement of a patent, obtained by the complainant for an alleged new and useful improvement in the preparation of leather, with a prayer that the defendant be decreed to account for and pay to him the gains and profits derived by them from making, using, and vending the improvement, and be enjoined from further infringement. The court below dismissed the bill, and the complainant appealed to this court.

The patent bears date in February, 1870, and was issued upon a surrender and cancellation of a previous patent obtained by the complainant in August, 1869, upon the allegation that the original patent was inoperative and invalid by reason of an insufficient and defective specification of the improvement. The validity of the reissued patent is assailed on the ground that it describes a different invention from that claimed in the original patent, and for want of novelty in the invention. Other grounds of invalidity are also stated; but, in the view we take of the case, they will not require consideration.

In the schedule accompanying the patent, giving a description of the alleged invention, and constituting a part of the instrument, the complainant declares that he has " invented a new and useful improvement in the preparation of leather; " that " the invention consists in a novel preparation of what is known as bark-tanned lamb or sheep skin," by which the article is rendered soft and free, and adapted, among other uses, for the manufacture of what are termed " dog-skin gloves; " and that " the principal feature of the invention consists in the employment of what is known among tanners and others as

' fat liquor,' which is ordinarily obtained by scouring deer-skin after tanning in oil," but which may be produced by the cutting of oil with a suitable alkali.  The schedule then proceeds to state that in treating the leather with fat liquor " it is desirable to heat the liquor to or near the boiling-point, and that it is preferred to use the same in connection with other ingredients," such as soda, common salt, and soap, in specified quantities for each ten gallons of the heated liquor ; and that " to effect the treatment" the skin should be well dipped in or saturated with the fat liquor or compound, of which fat liquor is the base.  The schedule closes by a declaration that what the patentee claimed and desired to be secured by letters-patent was, —

1. "The employment of fat liquor in the treatment of leather substantially as specified."

2. " The process, substantially as herein described, of treating bark-tanned lamb or sheep skin by means of a compound composed and applied essentially as specified."

It is clear from this statement that the patent is for the use of fat liquor in any condition, hot or cold, in the treatment of leather, and for a procees of treating bark-tanned lamb or sheep skin, by means of a compound in which fat liquor is the principal ingredient.  The state of the liquor is not mentioned as essential to the treatment, or to accomplish any of the results sought.  It is only stated as a thing to be desired, that the liquor should be heated, and that it would be preferable that other ingredients were mixed with the heated liquor to make the compound mentioned.  In other words, the specification declares, that by heating the liquor the effect desired will be more readily produced ; that is, more speedily or with less trouble and expense, not that the heating is in any respect essential to the treatment.  Where a useful result is produced in any art, manufacture, or composition of matter by the use of certain means for which the inventor or discoverer obtains a patent, it is, as justly observed by the presiding justice of the Circuit Court, too plain for argument, that the means described must be the essential and absolutely necessary means, and not mere adjuncts which may be used or abandoned at pleasure.

The original patent was less extensive in its claim than the reissue. That patent was for a process of treating bark-tanned lamb or sheep skin by means of a compound, in which heated fat liquor was an essential ingredient. The specification was explicit in this particular, and left no doubt on the subject. The reissued patent covers the use of the fat liquor in any condition, hot or cold, and when used alone or in a compound with other ingredients, and thus has a more extended operation, bringing under it manufactures not originally contemplated by the patentee. Is such a reissue valid?

The statute of 1836 (2 Stat. 122), under which the reissue was granted, provided that whenever any patent was inoperative or invalid by reason of a defective or insufficient description or specification, or by reason of the patentee claiming as his own invention more than he had a right to claim as new, if the error arose from inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, it should be lawful for the commissioner, upon the surrender of such patent and the payment of a prescribed duty, to cause a new patent to be issued to the inventor for the same invention, for the residue of the period then unexpired, in accordance with the corrected description and specification.

According to these provisions, a reissue could only be had where the original patent was inoperative, or invalid, by reason of a defective or insufficient description or specification, or where the claim of the patentee exceeded his right; and then only in case the error committed had arisen from the causes stated. And as a reissue could only be granted for the same invention embraced by the original patent, the specification could not be substantially changed, either by the addition of new matter or the omission of important particulars, so as to enlarge the scope of the invention as originally claimed. A defective specification could be rendered more definite and certain so as to embrace the claim made, or the claim could be so modified as to correspond with the specification; but except under special circumstances, such as occurred in the case of *Lockwood* v. *Morey*, 8 Wall. 230, where the inventor was induced to limit his claim by the mistake of the Commissioner of Patents, this was the extent to which the operation of the

original patent could be changed by the reissue. The object of the law was to enable patentees to remedy accidental mistakes, and the law was perverted when any other end was secured by the reissue.

Judged by that law, — and the provisions of the act of 1870 on this subject are substantially the same, — there can be no doubt of the invalidity of the reissue. The original patent was not inoperative nor invalid from any defective or insufficient specification. The description given of the process claimed was, as stated by the patentee, full, clear, and exact, and the claim covered the specification; the one corresponded with the other. The change made in the old specification, by eliminating the necessity of using the fat liquor in a heated condition, and making in the new specification its use in that condition a mere matter of convenience, and the insertion of an independent claim for the use of fat liquor in the treatment of leather generally, operated to enlarge the character and scope of the invention. The evident object of the patentee in seeking a reissue was not to correct any defects in specification or claim, but to change both, and thus obtain, in fact, a patent for a different invention. This result the law, as we have seen, does not permit.

The decision of the commissioner in granting the reissue is, it is true, so far conclusive as to preclude in the present suit for infringement any inquiry into its correctness outside of the patents themselves. His action in any case, within the limits of his authority, is not open to collateral impeachment. But that authority being limited to a reissue for the same invention as that embraced in the original patent, a reissue for any thing more is necessarily inoperative and void. To determine the identity of the invention, the two patents may be compared. Thus compared, the reissue here appears on its face to be for a different invention, and the commissioner, therefore, exceeded his authority in issuing it. *Seymour* v. *Osborn*, 11 Wall. 544; *Wicks* v. *Stevens*, 2 Woods, 312.

In the case of *Klein* v. *Russell*, 19 Wall. 433, the question was not before the court whether the reissued patent was invalid because not for the same invention. The point was not made in that case in the court below, and for that reason, it was stated, the point could not be made here. It was to

be presumed, said this court, until the contrary was made to appear, that the commissioner did his duty correctly in granting the reissue. What was subsequently said of the character of the first claim, so far as it conflicts with the construction here given, does not meet our approval, after the extended consideration the subject has since received.

But, assuming that the reissue is not void for the reasons stated, the patent is still invalid for want of novelty in the alleged invention. The use of fat liquor in the treatment of bark-tanned skins was general with manufacturers for many years previous to the alleged invention. Testimony to this effect is given by numerous witnesses. It would subserve no useful purpose to state this testimony; it is set forth with ample fulness in the opinion of the Circuit Court. It is sufficient for us to say, that it is entirely satisfactory to our minds.

*Decree affirmed.*