## PUTNAM *v.* TINKHAM.

*(Circuit Court, D. Connecticut.   October 23, 1880.)*

1. RE-ISSUE—IDENTITY OF INVENTION.—Re-issued letters patent for an improved bottle stopper, granted December 23, 1879, to Henry W. Putnam, assignee of Joel B. Miller, *held void*, because it appeared on its face to be for a different invention from that which was embraced in the original patent.

*Arthur* v. *Briesen*, for plaintiff.
*E. A. West*, for defendant.

SHIPMAN, D. J.   This is a bill in equity, based upon the alleged infringement of re-issued letters patent for an improved bottle stopper, which were granted on December 23, 1879, to Henry W. Putnam, assignee of Joel B. Miller, deceased.   The original patent to Miller was dated October 27, 1874.

The invention described in the re-issued patent is a bottle stopper, which is placed within the bottle to close the mouth from below.   A spring bail and handle are permanently at-

tached in any manner to the upper end of such stopper. The body of the bail is preferably staple shaped, being made of two legs or branches which bow outwards so as to form springs which bear against the sides of the throat of the bottle. "The upper part of the bail forms a loop larger in diameter than the interior of the bottle neck, which loop serves as a convenient handle for the operation of the stopper, and also prevents the entire device from slipping into the bottle." The re-issued patent includes a bail rigidly fastened to the stopper, and a bail hinged or jointed to the top of the stopper.

The claims are as follows:

"*First.* The combination of an internal bottle stopper with an upwardly projecting bail, C, said bail having an enlargement, F, which is adapted to suspend the stopper from the mouth of the bottle, and a handle portion above said enlargement, substantially as herein shown and described.

"*Second.* The combination of an internal bottle stopper with a bail, C, which is constructed to form springs, *aa*, above the stopper, substantially as herein shown and described.

"*Third.* The combination of an internal bottle stopper with a bail, C, forming the springs, *a*, and the enlargement, F, above said springs, substantially as herein shown and described.

"*Fourth.* The internal bottle stopper, provided with a hinged or jointed bail, C, which is composed of two elastic legs or branches, *a*, and of an eye or finger loop, substantially as herein shown and described."

The defendant's stopper is made under re-issued letters patent of June 17, 1879, to Charles G. Hutchinson, the original patent having been dated April 8, 1879. The Miller patent was bought by the plaintiff in October, 1879, and was thereafter re-issued.

The defendant's device consists, in substance, as stated in the specification of the re-issue, "of a laterally or outwardly-yielding spring applied to the stopper or plug proper, and adapted to extend up through, and press against, the interior of the neck of the bottle, so that the stopper will thereby be suspended in a position to either close or open the neck as the spring is moved either up or down, and be held in either

its closed or open position by the action of the spring." The spring which is used is a continuous flexible wire attached at one end to the stopper, and bent so as to resemble somewhat the figure 8 in form; the other end of the wire being bent back to a point near the end which is attached to the plug, and being left free. The top of the spring serves as a loop to receive the finger or a hook by which the stopper is drawn up. This handle or spring is rigidly fastened to the stopper.

The defendant denies infringment and the novelty of the invention as described in the first three claims of the plaintiff's re-issued patent, and also insists that the re-issue is void because it is for a different invention from that which is described and claimed in the original patent. The last question seems to me to be a vital one in the case, and I shall not, therefore, decide the other points.

The original Miller patent made the invention to consist of a stopper with a handle or bail hinged or jointed to the top of the stopper, and carefully insists that the peculiar mode of construction is a distinguishing feature of the invention. The patentee says in his specification: "I am aware that internally-located bottle stoppers have been provided with vertical rigid handles or stems for manipulating the same; but, owing to the rigid character of the handle, the stopper is apt to be forced down into the bottle during transportation, and furthermore, in dispensing the contents of the bottle, a rigid handle will interfere with the free flow of the liquid. My invention is designed to avoid these defects, for, by hinging or jointing the handle to the stopper, the same can be turned away from the mouth of the bottle in dispensing the contents thereof; and, furthermore, by making the handle of a bow shape, or with two legs or branches, the latter will, owing to their elasticity, spring against the throat of the bottle, so as to render the casual displacement of the stopper impossible."

The claim is as follows: "The internally located bottle stopper, B, provided with a hinged or jointed handle or bail, C, composed of two elastic legs or branches, and an eye or finger loop, as and for the purpose set forth."

He virtually disclaims rigid handles, and says that his

invention is designed to avoid such a method of construction. It is useless to say that by a rigid handle he merely meant a bail without spring action, for the entire paragraph shows that he also meant a handle so jointed or hinged to the stopper that it could be turned away from the mouth of the bottle. He intended to point out that his handle or bail was both hinged to the stopper and had elastic legs. The re-issue covers a device in which the bail is attached to the stopper in any manner. The hinged construction is briefly alluded to as one which accomplishes a certain result.

The file wrapper and contents of the original patent further-more show that the specification accompanying the first and rejected application described the same method of construction which now re-appears in the re-issue, and which the patentee, apparently, was obliged to eliminate from the specification before he could obtain a patent. The handle was to be attached to the stopper in any manner, and was preferably staple shaped. The application was thrice rejected. Finally, the quoted paragraph respecting rigid handles was inserted, and the patent was granted. In the original patent, the patentee informed the public, with precision and after deliberation, that his invention was an improvement upon a rigid handle, and limited himself to a hinged or jointed handle. It has now become important for the plaintiff to possess himself of the territory which his assignor attempted to occupy, but abandoned, and the ownership of which he virtually disclaimed.

A comparison of the two patents shows that the case is clearly within the principles which have been recently and frequently announced by the supreme court as applicable to re-issues. The re-issue is void, because it is, on its face, for a different invention from that which was embraced in the original patent. *Russell* v. *Dodge*, 93 U. S. 460; *Railway Co.* v. *Sayles*, 97 U. S. 554; *Powder Co.* v. *Powder Works*, 98 U. S. 126; *Leggett* v. *Avery*, 17 O. G. 445.

The bill should be dismissed.

NOTE. See *Siebert Cylinder Oil Cup Co.* v. *Harper Steam Lubricator Co.* ante, 328.