### ARNOLD *v.* PHELPS and others.

(*Circuit Court, S. D. New York.* May 16, 1884.)

PATENTS FOR INVENTIONS—INFRINGEMENT.

Where it is shown that one patented process is the application of heat and steam to coffee, in its uncured state, to cure it, and a second is the application of heat alone for the same purpose, the second is not an infringement on the first.

In Equity.

*Edmund Wetmore,* for orator.

*Edward N. Dickerson,* for defendant.

WHEELER, J. This suit rests on reissued patent No. 4,479, dated July 25, 1871, granted to John Ashcroft, for an improvement in processes for treating coffee, division A. The process consists, essentially, in subjecting unripe or damaged coffee to the direct action of steam in a close compartment to heat and sweat it, and then to dry heat to complete the curing of it. There are four claims. The first claim is, in substance, for the process of maturing and browning coffee by subjecting it to the direct action of steam; the second, the process of maturing and browning coffee by subjecting it to the sweating and expanding action of steam and the drying action of heat; the third, subjecting it both to the action of steam and heat while in sacks; and the fourth, subjecting a series of sacks to the action of sweating steam and drying heat. The defendants subject the coffee to the action of heat in a close compartment. The heat raises steam from the moisture of the coffee and produces a result similar to that of the process of the patent. The orator's evidence tends to show that this process, taken by itself, is the same as that of the second claim and, in connection with the result, the same as that of the third claim of the patent. The witness giving this testimony is understood, however, to refer to these claims as measured by their own terms, which do not refer to the source of the steam. His meaning, apparently, is that the steam generated from the moisture of the coffee performs the office of steam applied from without. But this does not alter the

patented process. The claims are made upon the invention described in the specification, and are to be construed with reference to that. The process there described begins with the application of steam from without to the coffee; these claims, therefore, must refer to steam so applied. The patented process is the application of steam and heat to the coffee in its uncured condition; the defendants' process is the application of heat only to the coffee in that condition. The steam cannot be omitted and the process be the same. *Russell* v. *Dodge,* 93 U. S. 460. Upon this construction the patent may be sustained, but the defendants are not shown to infringe. If the patent should be construed to cover the application of heat only to coffee in a close compartment, it might be void for want of novelty.

Let there be a decree dismissing the bill, with costs.