SCRIVNER and others v. OAKLAND GAS CO.

(*Circuit Court, D. California.* September 1, 1884.)

1. PATENTS FOR INVENTIONS—PROCESS—MECHANISM—REISSUE.
    Where a patent is reissued 11 years after the issue of the original patent, which contained no claim whatever for a process with claims enlarged so as to embrace a claim for the process, as well as for the mechanical means by which the process is carried out, such reissue is void.

2. SAME—PROCESS DISTINCT FROM MECHANISM.
    A process is a very different thing from the mechanism by which it is carried out, and is a different and distinct patentable invention.

In Equity.

M. A. Wheaton and J. J. Scrivner, for complainant.

John H. Boalt, for defendant.

SAWYER, J., (*orally.*) This is a suit in equity upon a reissued patent. The patent was reissued 11 years after the date of the issue of the original patent, and it enlarges the claims of the patent very materially. The reissued patent embraces a claim for the process, as

well as for the mechanical means by which the process is carried out. The original patent contained no claim whatever for the process. Not only the claim is enlarged, but a whole page of descriptive matter as to the character of the process is inserted in the reissue, and it is upon these new claims that this suit is prosecuted.

In the case of *James* v. *Campbell,* 104 U. S. 357, it was held that a process is a very different thing from the mechanism by which it is carried out, and is a different and distinct patentable invention. I am unable to take this case out of the rule laid down in *Miller* v. *Brass Co.* 104 U. S. 350, which holds that after so long a period of time a patent cannot be enlarged by a reissue so as to embrace matters not within the original patent. When that case was first decided I was uncertain how far the supreme court intended to go, but the court has affirmed it and reaffirmed it, I suppose, half a dozen times since, down to the very last part of the present term of the court, showing that it was intended to hold rigidly to the strictest rule laid down in that case. In some of the cases only five years had elapsed, but in this there were eleven. I am unable to take it out of the rule in that case without utterly disregarding the decisions of the supreme court. On the part of the complainants here it is sought to take the case out of the rule cited on the principle stated in *Morey* v. *Lockwood,* 8 Wall. 240, and *Russell* v. *Dodge,* 93 U. S. 461.

In *Russell* v. *Dodge* the patent was issued in 1869 and reissued in 1870, within a year. No such question as this is involved in that case. That patent was for tanning a certain kind of leather with hot fat, and it is nowhere intimated in the specifications of the patent or the claim that cold fat could or would perform the same offices and be equally practicable as hot fat; but it turned out that cold fat was as good as hot fat, or, at least, that it practically answered the same purpose, and the patentee thereupon applied for and afterwards obtained a reissue covering cold fat. The supreme court held the patent to be void as covering matters not suggested or indicated in the original specifications and patent, and said that it was not a case like *Morey* v. *Lockwood,* quoting a passage from the decision in the latter case, wherein the party who applied for the reissue had endeavored to obtain a patent for the whole invention in his original application, and the patent-office had refused to grant it to him, and compelled him to strike out of his original application and claim the parts which were afterwards inserted in the reissued patent, and for this reason it was the fault of the office that he did not get his patent for his entire invention.

The question there was not as to the time within which the application for a reissue must be made, but related to the extent to which the patentee could go, under the circumstances, in inserting new matter. The court said, in *Russell* v. *Dodge,* that it is not a case like the former one of *Morey* v. *Lockwood,* and quote the passage referred to saying that, under the circumstances of this case, the rule adopted in

the former would not authorize the patentee to broaden his claim, because he had not put it in his original application. It never was suggested that cold fat would answer the required purpose until it was stated in the amended specifications, on the application for a reissue, and it was therefore held that it did not come within the case of *Morey* v. *Lockwood*. That case was decided as far back as 8 Wall. The patentee in that case had applied originally for a broader claim, but he was compelled to cut it down, and take such as the patent-office was willing to grant him. Some years afterwards he applied again to the new commissioner, reinserting his original claim, and got his patent reissued covering it. The court said in that case it was not the patentee's fault. He did the best he could to obtain his patent, and a reissue was sustained; but there was no question then as to the time when the application must be made. It was long before this decision in the *Brass Co. Case* was announced. The decision in the *Brass Co. Case* has been recognized, by the bar, at least, as a departure from the rule that had theretofore obtained; so that that question never was raised in the case of *Morey* v. *Lockwood*. Since the *Brass Co. Case* the question has been raised and decided, over and over again, that if a party fails to promptly pursue his right to a patent covering his whole invention he thereby abandons it to the public. Where the party examines the patent, and sees that it does not cover all he claims, he should apply promptly. It is claimed here that the party sought to get a broader patent in his original application. I am by no means certain that the original application is as broad as the present; but, conceding it to be so, it *seems to me it makes it, under the later decisions, a stronger case* against him, instead of a weaker one, because, not only by the reading of the patent could he see that his patent did not cover his whole invention, but he did, in fact, know that it was defective, because he sought to obtain a broader patent and it was rejected; and, having been rejected, he not only had an opportunity of knowing by reading his patent, but he knew in fact, that he had not obtained as much as he claimed, and yet neglected to take any means, by appeal or otherwise, to enlarge his claim for 11 years. The case seems to me clearly within the rule laid down in the cases cited.

I am, therefore, unable to take it out of these cases, and I must hold the patent void in those points in which it was claimed to be infringed; and the bill must therefore be dismissed.