HAINES *v*. PECK and another:[1]

(*Circuit Court, S. D. New York.* February 18, 1886.)

1. PATENTS FOR INVENTIONS—VOID REISSUE.

Reissued letters patent No. 4,361, of May 2, 1871, to John P. Haines, for improvement in oil-cups, are void because for a different invention from the original, No. 92,820, of July 20, 1869.

2. SAME—EXCUSE FOR DELAY IN APPLYING FOR REISSUE.

The excuse that patentee was ignorant of the laws pertaining to letters patent is wholly insufficient.

On Demurrer.

*Frederic H. Betts,* for complainant.

*Charles E. Mitchell* and *Morris W. Seymour,* for defendants.

COXE, J. The complainant is the inventor of an improvement in oil-cups, for which letters patent No. 92,820 were granted July 20, 1869, and reissued, No. 4,361, May 2, 1871, 21½ months thereafter. The application for the reissue was filed in January, 1871. The de-

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

fendants demur to the bill on the following grounds: *First,* departure from the original invention; *second,* unlawful expansion of the claims; *third,* want of novelty, in view of prior devices, of which the court will take judicial knowledge.

In the original the inventor declares:

"The invention consists in providing the shank of the nozzle with a left-hand screw-thread, by which it is secured to the body of the can, and with a right-hand screw-thread to receive the nozzle-covering cap, so that when the cap is removed, there will be no danger of also unscrewing the nozzle."

These words are not found in the reissue. On the contrary, he there asserts that his invention consists:

"*First,* in an article made up of three parts never before combined in an oil-can. It consists, *secondly,* in a peculiar construction of the body to render it smooth, pliable, and not irksome to the person of the party carrying it."

The claims of the original and reissue are here placed side by side. The italics in each show the matter not found in the other:

| ORIGINAL. | REISSUE. |
| --- | --- |
| "As a *new* article of manufacture, the pocket oil-can, *when the shank, a, of its* nozzle, B, *is provided with the left-hand screw-thread fitting into a corresponding female screw-thread in the mouth of the* body, A, *and with a right-hand screw-thread, b, adapted to receive the* cap, C, *in which a similar female screw-thread is formed, all operating* as described, *for the purpose* specified." | "1. As an article of manufacture, a pocket oil-can, *formed of a round* body, A, nozzle, B, *and* cap, C, *combined* as described. "2. *In an* oil-can *adapted to be carried in* the pocket, a body, A, *formed of thin elastic metal rounded into an oval form, and having its sides held apart by an inner spring, as* specified." |

It will be observed that in the original the claim is for an oil-can provided with a nozzle, having a left-hand screw-thread, and a cover or cap having a right-hand screw-thread, so that the unscrewing of the cap will not tend to remove the nozzle also. In other words, the original invention was confined, both in the description and the claim, to the reverse screw-threads of the nozzle and the cap. The original claimed the screw-threads and nothing else. The reissue claims everything but the screw-threads.

No one would infringe the original who did not use the right and left hand screw-threads. On the contrary, any one using a round-bodied pocket oil-can, with a nozzle and a cap, would infringe the first claim of the reissue, no matter how the nozzle was fastened to the can, or the cap to the nozzle. A can that would infringe the original would not infringe the reissue, and a can that would infringe the reissue would not infringe the original. They relate to essentially different devices. The original is as silent as to the inner spring, the thin elastic metal, the oval form, and the combination of the round body, the nozzle, and the cap, as the reissue is as to the reversed screw-threads. In *Russell* v. *Dodge,* 93 U. S. 460, the court say:

"And, as a reissue could only be granted for the same invention embraced by the original patent, the specification could not be substantially changed, either by the addition of new matter or the omission of important particulars, so as to change the scope of the invention as originally claimed."

The specification here is open to both criticisms,—new matter has been added and important particulars omitted. If the inventor had entertained the same idea of the scope and character of his invention in July, 1869, that he did in May, 1871, it is hardly possible that he could have been so unfortunate in making himself understood. No man of ordinary intelligence would retain for 18 months a patent which describes and claims a device bearing hardly a trace of resemblance to his invention. There is no escape from the conclusion that the three-part oil-can was an after-thought; that the object of the patentee in 1871 was to obtain a patent for a different invention from the one described and claimed by him in 1869.

Regarding the second ground of demurrer it may be said that the moment the patentee opened his patent he saw that, both in the description and the claim, he had limited his invention to the screw-threads. It was then his duty to act. It was not a case of an involved or intricate description. If there was a mistake, the veriest tyro in invention must have perceived it. The excuse advanced by the complainant, that he did not discover his error because he was ignorant of the laws pertaining to letters patent, is wholly insufficient. The case cannot be distinguished from *Wollensak* v. *Reiher*, 115 U. S. 96, S. C. 5 Sup. Ct. Rep. 1137, and the other decisions of the supreme court since January, 1882.

The demurrer is sustained.