YALE LOCK MANUF'G CO. and another *v.* NEW HAVEN SAV. BANK.

*(Circuit Court, D. Connecticut. September 10, 1887.)*

1. PATENTS FOR INVENTION—TIME-LOCKS—REISSUE—ENLARGEMENT OF ORIGINAL PATENT.

Reissued letters patent No. 8,550, to Samuel A. Little, for improvements in "time-locks," by which the multiple bolt-work of a safe or vault door could be automatically both dogged or locked and unlocked at predetermined times,—the dogging and releasing being caused by the operation of the time mechanism, and the time for locking or unlocking being capable of altera-

: tion at the will of the operator, without disturbance of the clock-work,—contained, *inter alia*, the following claim: "(7) In a time-lock the combination * * * of the time movements and two adjustable devices; one for determining the time of locking, and the other of unlocking." The original letters of the same patent contained, among others, the following claim: "(2) The wheels, B and C, with the depressions, *d* and *f*, and the projections, *e* and *g*, located relatively to each other as described, to increase and diminish the surface of a common cam, *i*, or depression, *h*, by rotation on each other. * * *" *Held*, that the seventh claim of the reissue was not an enlargement of the second claim of the original patent; because the latter should be construed broadly, and should not be confined to "a common cam," or to a device which was connected with the compound wheel in the same way in which the cam was connected, but was broad enough to include equivalent means of connection with the dog.

2. SAME—REJECTION OF CLAIM—SUBSEQUENT APPLICATION AND REISSUE.

The third claim of the application for a second reissue of the Little patent for time-locks was for devices consisting of "a compound disc, composed of two single discs of the same shape and size, placed face to face on a common axis." When these two discs or wheels were fastened together by a thumb-screw, they formed one wheel or disc. In said third claim this compound disc was called "*two* adjustable devices." The patent-office held that the compound disc constituted but a single adjustable device, or single disc, and rejected the third claim, to which rejection the owners of the patent assented. *Held*, that they did not thereby abandon the right to claim, in a subsequent reissue, a double or compound disc, and obtain a valid patent therefor.

*Samuel A. Duncan*, for petitioner.

*Edmund Wetmore* and *Causten Browne*, for respondent.

SHIPMAN, J. On or about April 19, 1881, this court made an interlocutory decree in the above-entitled cause, by which the defendant was enjoined against infringing the first and seventh claims of reissued letters patent No. 8,550, to Samuel A. Little. *Lock Manuf'g Co.* v. *Bank*, 19 Blatchf. 123, 6 Fed Rep. 377. No final decree has ever been made. The original Little patent was dated January 27, 1874, the three reissues were respectively granted May 9, 1876, January 8, 1878, and January 21, 1879. The answer of the defendant alleged that the original patent was not reissued for the purpose of correcting any supposed defective or insufficient specification, but to secure claims not warranted by the invention disclosed in the original patent, and that in the several reissues, and particularly in the last reissue, claims were inserted which were broader in their scope than the invention of the original patent warranted. The original patent and the application for the third reissue were introduced in evidence by the defendant.

This is a petition by the defendant to vacate the interlocutory decree, and to grant a rehearing, with leave to the petitioner on such rehearing to introduce in evidence certified copies of the file wrappers of the several issues of the patent, and certain other documentary evidence, with such amendment of the pleadings as the newly-offered evidence may render expedient. The object of the rehearing and of the new evidence is to show that the first and seventh claims of the third reissue were improperly allowed by the commissioner, and are void.

Passing by the consideration of any question in regard to the laches of the defendant, or whether the evidence can properly be considered to

be newly discovered, the claims of the several patents which are the subject of controversy upon this motion are as follows: Claim 2 of original patent, and claim 5 of the first reissue:

The wheels, B and C, with the depressions, $d$ and $f$, and the projections, $e$ and $g$, located relatively to each other as described, to increase and diminish the surface of a common cam, $i$, or depression, $h$, by rotation on each other, for the purposes described.

Claim 3 of first reissue:

In a chronometric locking mechanism, the combination, as before set forth, of the clock-work and two adjustable devices, for determining, respectively, the times of locking and unlocking.

Claim 2 of the second reissue:

In a time lock, the combination substantially as above set forth, of the time movements and an adjustable device for determining the time of locking.

Claim 7 of third reissue:

In a time lock, the combination, substantially as above set forth, of the time movements and two adjustable devices, one for determining the time of locking, and the other of unlocking.

The first claim of the third reissue is substantially like the seventh. The second claim of the original, and the corresponding fifth claim of the first reissue, were omitted, by direction of the patent-office, in the second reissue, by reference to a patent deemed to be anticipatory, and do not appear in the third reissue.

The first and the important question, and one by no means free from difficulty, is whether the seventh claim of the third reissue is an enlargement of the second claim of the original. The defendant's position is that the new claim, which was also the third claim of the first reissue, is for "the combination in a time lock of two adjustable devices, whose function is simply to determine the times of locking and unlocking, without regard to the character of the devices or means by which the locking-dog is held in either its locking or in its retracted position, while in the original claim it is made a necessary element of the combination that there shall be a 'common cam, $i$,' the function of which is to hold the dog in its locking position." The defendant's construction of this claim is undoubtedly what was wanted by the draughtsmen when they drew it, and if that construction is the proper one, the claim was improperly allowed by the patent-office; for if it could ever have been properly obtained, it was unseasonably applied for, and is therefore invalid.

It should not be thus construed, and was not so construed in the opinion of the court, which made the described holding part of the dogging mechanism and its equivalents a part of the claim. Upon the question of one of the alleged differences between the Little and the Holmes or Chinnock lock, viz., that the locking devices are actuated by mechanism of different methods of operation, the court said:

"I do not regard the latching-gear, and the tripping of the latch that holds the dog, as strictly a mechanical equivalent for the direct action of the cam upon the dog, but it is plain that, at the date of the Little patent, the Chinnock method of holding and releasing a dog was a well-known substitute for

that part of the Little mechanism which performs the same office, and, therefore, so far as this mechanical combination is concerned, the latching-gear and the tripping mechanism are a mechanical equivalent for the action of the cam upon the dog."

While the claim should be made to include mechanism which is the equivalent of the described holding mechanism, inasmuch as Little was the first who applied time mechanism to a safe door, by means of which locking could take place automatically at a predetermined period, he should not be confined to a narrow line of equivalents. In the case of *Plaintiff* v. *Bank*, 17 Fed. Rep. 531, which was decided in August, 1883, Judge LOWELL was called upon to determine whether the seventh claim was an undue expansion of the original patent, in view of the decision in *Miller* v. *Brass Co.*, 104 U. S. 350. He said:

"This point, though a difficult one, I decide in conformity with Judge SHIPMAN's action, for the reason that in a patent like the original patent of Little, it would be proper to construe his second claim somewhat broadly, and so as to reach the substituted adjustable devices and their connection with the 'dog' in the lock of the defendants in that case, which were substantially like those in question here."

The conclusion is that, although the owners of the patent attempted to enlarge it, the seventh claim should be limited to the invention which was described and claimed in the original patent, which invention was not confined to "a common cam," or to a device which was connected with the compound wheel in the same way in which the cam was connected, but was broad enough to include equivalent means of connection with the dog.

The defendant further insists that the application of the patentee for the second reissue contained a proposed third claim in the following language, which was substantially the third claim of the first reissue:

(3) In a time-lock, the combination, substantially as above set forth, of the time movements and two adjustable devices, for determining, respectively, the times of locking and unlocking.

—that this claim was rejected by the patent-office, and the patentee acquiesced in such rejection, without appeal, and thereupon the patent was issued, claiming only a single adjustable device in the second claim. That claim has been already quoted. From these facts, the defendant says, it results that the claim for two adjustable devices was abandoned and could not be resumed in the third reissue.

The circumstances of this rejection and acquiescence are somewhat peculiar. The Little invention contained, in addition to the "adjustable devices," what was known as the Sunday device, for preventing unlocking during a period greater than 24 hours. The adjustable devices were, in brief, "a compound disc, composed of two single discs of the same shape and size, placed face to face on a common axis, each having an equal portion of its periphery cut away so as to leave in each a depression of the same form and size as that in the other. When these two discs or wheels are fastened together by a thumb-screw, they form one wheel or disc having a depression in its periphery." This compound

disc was called in the proposed third claim "two adjustable devices." The patent-office thought that it should be called one device, and therefore rejected the claim. The reason was stated as follows: "The third claim is objectionable, as it appears to be for two devices for locking and unlocking, while applicant shows only one device for locking and unlocking, and another for preventing unlocking at a particular time." Thereupon the owners of the patent assented, the claim for two adjustable devices was withdrawn, the claim for one adjustable device remained, and the second reissue became very open to attack, because the courts might hold that the patent was in terms for a single device, and should be so construed.

It is now insisted that because the patent-office called the compound disc a single disc, and the owners of the patent assented to the name, therefore they abandoned a right to claim a double or compound disc, and can have a valid patent only for a single wheel. Such a conclusion rests too entirely upon technicality to merit favor. It may be the outcome of the principle suggested in *Leggett* v. *Avery*, 101 U. S. 256, and confirmed in *Shepard* v. *Carrigan*, 116 U. S. 593, 6 Sup. Ct. Rep. 493, but such a result would carry the principle to an improper extreme. The facts in the case are similar to the special circumstances in *Morey* v. *Lockwood*, 8 Wall. 230, in consequence of which that decision is not considered to be incompatible with the other recent decisions upon the subject of reissues. *Russell* v. *Dodge*, 93 U. S. 460; *Eames* v. *Andrews*, 122 U. S. 40, 7 Sup. Ct. Rep. 1073.

The prayer of the petition is denied.