## COCHRAN et al. v. ZIMMERMAN.

(Circuit Court, N. D. Ohio, E. D. July 14, 1892.)

### No. 4,840.

1. PATENTS FOR INVENTIONS—REISSUES—VALIDITY—FURNACE FUEL FEEDER.

Letters patent No. 368,813, issued August 23, 1887, to Cochran & Lindsay, covered a furnace fuel feeder, consisting of a discharge pipe through which, by an air blast, dust and shavings were carried from the woodworking room into a collector. The collector was a chamber having an opening through the top to permit the air to escape, while the dust and shavings fell down through a discharge pipe into a conductor pipe, which was divided into two branches,—one leading to the receiving room, and the other directly into the furnace. A small pipe, F, was connected with the discharge pipe just before it entered the collector, and was carried down, and introduced into the conductor pipe near its mouth; thus applying a part of the air blast to the shavings and dust just before they entered the furnace. This pipe was controlled by a cock which regulated the amount of the blast. The patentee claimed, as part of his combination, "the air pipe, F, provided with regulating cock, f, connected with said conductor, D," and with means for forcing air into the conductor for discharging the shavings into the furnace, etc. Upon this patent, reissue No. 10,942 was granted July 10, 1888, and it was stated in the specifications thereof that the pipe, F, although preferable, was not essential, and any other means for introducing a blast into the conductor pipe would answer; and from the claim the words above quoted were omitted. *Held*, that these changes enlarged the scope of the invention, and, in the absence of mistake or inadvertence, the reissue was invalidated thereby.

2. SAME—ANTICIPATION.

The reissue was also void because of anticipation by the Emlaw patent, and by the patent of August 28, 1888, (No. 388,468,) to A. Warne, for which the application was filed February 7, 1887.

In Equity. Suit by Loyal Y. Cochran and William I. Lindsay against Frederick Zimmerman for infringement of a patent. Bill dismissed.

M. D. & L. L. Legget, for complainants.

Offield & Towle, for defendant.

Before TAFT, Circuit Judge, and RICKS, District Judge.

TAFT, Circuit Judge. This is a bill in equity to restrain defendant from the manufacture of a furnace fuel feeder alleged to be an infringement of a patent owned by the complainants. The patent relied on in this bill is a reissue, No. 10,942, dated July 10, 1888. The original patent was No. 368,813, dated August 23, 1887. Application for it was filed June 6, 1887. The defenses are—First, that the reissue was void; second, that the combination claimed as the invention was not novel; third, that it did not involve patentable invention; and, fourth, that defendant's feeders do not infringe.

The furnace fuel feeder described in complainants' original speci-

fication consisted of a discharge pipe through which, by an air blast from a fan, dust and shavings were carried from the wood-working room into a collector. The collector was a box or chamber so constructed as to permit the air blast to escape through the top, and the dust and shavings, by force of gravity, to fall down through a discharge pipe into a conductor pipe. The conductor pipe was divided into two branches,—one opening and emptying into a receiving room situated directly beneath the collector, and the other leading, by a curved, downward course, through the brick wall of the receiving room into the furnace room, and thence into the furnace. At the point of branching was a gate or valve capable of adjustment so that the dust or shavings might be directed into either the receiving room or the furnace, or be divided between them. A small pipe was placed in the main air blast pipe, just before it entered the collector, and was carried down by the side of the collector into the receiving room, where it was introduced into the conductor pipe, and at a point very near the furnace mouth of the latter. This small pipe was so placed in the blast pipe and the conductor as to carry and apply a part of the air blast to the dust and shavings just before they entered the furnace. The pipe had a cock to regulate the amount of the blast. The claim under the patent was as follows:

"In fuel feeders for furnaces, the combination with the collector, A, having discharge pipe, E, of conductor pipe, D, having branch, H, and regulating valve, I, and connecting the collector with the furnace, and the air pipe, F, provided with regulating cock, f, connected with said conductor, D, and with means for forcing air into the conductor for discharging the shavings into the furnace, substantially as and for the purpose specified."

In the reissued patent the specifications and drawings are just the same, except that this clause is added in the specifications: "The pipe, F, although preferable, is not essential, as any other means for introducing a blast into pipe, D, would answer the purpose;" and in the claim a change is made from the original by omitting the words, "and the air pipe, F, provided with regulating cock, f, said conductor, D."

It is conceded that every element of the original patent is old, with the exception, perhaps, of the application of the air blast both to the carriage of the shavings to the collector, and to the forcing of them into the furnace from the conductor. The patent claimed is not, either in the original or in the reissue, for any single element or device, but for the combination of old elements to produce a new result.

We are of the opinion that the reissued patent is void, because the new language in the specification, and the omission of the clause in the claim, operated to enlarge the scope of the invention beyond what was intended to be claimed in the original. The feature of the original patent affected by the change is the conveyance of part of the air blast into the furnace mouth of the conductor. A reading of the original specification leaves no doubt that, in the mind of the inventors, it was a valuable part of the combination that the same blast which carried the shavings to the conductor could be utilized by means of pipe, F, for the purpose of forcing the shavings through the lower end of the conductor into the furnace. The claim is rather

bunglingly worded, it is true, in this regard, but, taking the description and specifications with the claim, the only construction which can be given to the words of the claim, "and the air pipe, F, provided with regulating cock, f, connected with said conductor, D, and with means for forcing air into the conductor for discharging the shavings into the furnace, substantially as and for the purpose specified," is to render them as if they read, "and the air pipe, F, provided with regulating cock, f, connected with said conductor, D, as a means for forcing air into the conductor for discharging the shavings into the furnace, substantially as and for the purpose specified." The claim on the reissued patent covers the application of air or steam at the mouth of the conductor by any means,—whether from the main air blast used to carry the shavings to the conductor, or from an independent source. This is a distinct enlargement of the claim. The original specification and claim were entirely operative and practicable. There was no defect in the description, and no omission from the claim of any element which was palpable on an examination of the patent. No mistake or inadvertence on the part of the inventor or solicitor in the specifications or claim is attempted to be shown. Under these circumstances the decisions of the supreme court leave no doubt of the invalidity of the reissued patent. Gage v. Herring, 107 U. S. 640, 2 Sup. Ct. Rep. 819; Miller v. Brass Co., 104 U. S. 350; Leggett v. Avery, 101 U. S. 256; Gill v. Wells, 22 Wall. 1; Russell v. Dodge, 93 U. S. 460. In the last case the patent was for an improvement in the treatment of leather by use of fat liquor. The original patent was for a process for treating skins with a compound of which heated fat liquor was an essential ingredient. The reissued patent covered the use of fat liquor in any condition, hot or cold, and when used alone or in a compound. Mr. Justice Field, in delivering the opinion of the court, said:

"The original patent was not inoperative nor invalid from any defective or insufficient specification. The description given of the process claimed was, as stated by the patentee, full, clear, and exact, and the claim covered the specification. The one corresponded with the other. The change made in the old specification, by eliminating the necessity of using the fat liquor in a heated condition, and making, in the new specification, its use in that condition a mere matter of convenience, and the insertion of an independent claim for the use of fat liquor in the treatment of leather generally, operated to enlarge the character and scope of the invention. The evident object of the patentee in seeking a reissue was, not to correct any defects in specification or claim, but to change both, and thus obtain, in fact, a patent for a different invention. This result the law, as we have seen, does not permit."

The facts and the language used make the case exactly applicable to the one under consideration.

On another ground, also, the complainants must fail. The combination of elements they rely on in their reissued patent is a combination of old elements to accomplish an old result. In Emlaw's patent, dated October 17, 1871, (No. 120,052,) and described as an improvement for feeding sawdust to boiler furnaces, substantially all the elements claimed by complainants in their reissued patent are present. There the sawdust is carried, by any suitable carrier, to a feed box, which corresponds with the collector of complainant, and, like it, is placed above the boiler furnace. There the sawdust is

distributed, by means of an endless chain, to several conductors, leading into different furnaces. In each conductor is a valve, by opening which the sawdust can be diverted from the furnace on to the floor of the furnace room. This corresponds to the branch pipe of complainants, leading into the so-called "receiving room." By means of a pipe running from a fan to the furnace mouths of the conductors, an air blast is applied to the sawdust just before it enters the furnace. This corresponds with the claim of complainants, in their reissued patent, for any means of applying force to the sawdust and shavings near the furnace mouth of the conductor pipe. We have in the Emlaw patent, then, (1) the collector; (2) the conductor, through which the dust drops by force of gravity; (3) the valve for diverting shavings from furnace, and (4) the reinforcement of gravity by air blast at the mouth of the conductor,—all substantially as they are claimed by complainants. They make their entire combination, and produce the same result. The furnace fuel feeder of A. Warne, patented August 28, 1888, (No. 388,468,) for which application was filed February 7, 1887, five months before complainants filed their application for their original patent, anticipates in every particular the combination of complainants, as specified and claimed in the reissued patent. It has the main air blast discharged into a collector, and escaping from its top; the falling of the dust into a conductor, the diversion, by branch pipes and a valve, of the dust from or to the furnace, and to or from the receiving chamber; and the application of a steam blast near the furnace mouth of the conductor. There are other features of this invention not contained in complainants' patent, but every element which is in theirs is in Warne's, to produce the same result.

In the view we have taken of the validity of the reissue, and its novelty, it is unnecessary to consider the other defenses. Bill dismissed.