## Case No. 13,543.

STRONG et al. v. NOBLE et al.

[6 Blatchf. 477; 3 Fish. Pat. Cas. 586; Merw. Pat. Inv. 324.] [1]

Circuit Court, S. D. New York. June 22, 1869.

PATENTS—NOVELTY—NEW USE—IMPROVEMENT IN WHIPS.

1. The invention covered by letters patent granted to Henry A. Strong and Edmund F.

1 [Reported by Hon. Samuel Blatchford, District Judge, and by Samuel S. Fisher, Esq., and here compiled and reprinted by permission. The

Woodbury, December 18th, 1866, for an "improvement in whips," on the invention of Woodbury, is a patentable invention.

2. Although a tubular knit fabric was old, and although a whip was old, and although the idea of covering a whip and a whip-handle with something was old, the application, in the manner shown in that patent, of such a knit fabric to the covering of a whip, to produce a whip or a whip-handle covered with such a fabric, substantially as described in that patent, was not merely applying such knit fabric to a new use, in the sense in which, in the law of patents, the mere application of an old article to a new use is held not to be the subject of a patent.

[Cited in Gottfried v. Phillip Best Brewing Co., Case No. 5,633.]

3. Where a fabric is knit, by machinery, in flat strips, of the proper width to form a tube of the required diameter, and projecting loops are then produced on each edge of the strip, and those loops are then interlooped with each other, by a crochet needle, by hand, forming the same stitches as in the rest of the fabric, and making it impossible to tell where the union was effected, or that the fabric was not knit wholly by machinery, the resulting fabric is a fabric brought into a tubular form wholly by knitting.

4. Such fabric is substantially the tubular knit fabric of the patent of Strong and Woodbury.

5. It is no infringement of that patent to make and sell whips covered in whole or in part by a covering made of threads of warp and weft interwoven.

[This was a bill in equity filed [by Henry A. Strong and Edmund F. Woodbury] to restrain the defendants [Reuben Noble and others] from infringing letters patent [No. 60,606] for an "improvement in whips," granted to complainants as assignees of the inventor, Edmund F. Woodbury, December 18, 1866.] [2] This was a final hearing, on pleadings and proofs.

Stephen D. Law, for plaintiffs.

F. A. Brooks, for defendants.

BLATCHFORD, District Judge. The bill in this case is founded on letters patent, granted to the plaintiffs on the 18th of December, 1866, for an "improvement in whips," the plaintiffs being the assignees of the plaintiff Woodbury, as inventor. The specification contains the following statement of the nature and utility of the invention: "My invention consists in using a knit fabric for the cover of the handle or other portion of a whip. The benefits arising from constructing a whip with such a cover are these: First, it makes a more ornamental cover than ordinary plaiting, and looks equally as well or better than what is termed a 'worked' cover; second, the cost of such a cover, especially for the handle of a whip, is much less than that of covers 'worked' by hand, and they are more durable. I design to use this cover principally for the handles of

syllabus and opinion are from 6 Blatchf. 477, and the statement is from 3 Fish. Pat. Cas. 586. Merw. Pat. Inv. 324, contains only a partial report.]

2 [From 3 Fish. Pat. Cas. 586.]

whips, where there is more wear than on any other parts of the whip, but it can be used for any other portion or for the entire whip." The specification then describes the manner in which the inventor covers the whip or the handle with such knit fabric. It says: "The fabric is first knit onto a machine, just as ordinary plain tubular knitting is produced, of a size proper to permit of its being drawn on the body of the whip. I then usually turn the fabric 'wrong side out,' as I think it is more ornamental for this purpose; but this is a matter of choice, and not essential. When the body of the whip has been prepared for the cover, I take a piece of the knit fabric of the length desired, and draw it on the body of the whip to the desired place. Then, after fastening the cover at one end in any suitable manner, if it is not as close a fit to the handle as desired, I twist the other end around the handle, causing the rows of stitches to lie spirally around the handle. The twisting of the cover makes it smaller, and causes it to fit closely to the handle, and also improves the looks of the handle so covered. After the cover is fitted on as above described, I apply one or more coats of glue or sizing, which cause it to adhere firmly to the handle, or body, of the whip, in every place." The claims are as follows: 1. A whip, having the handle, or any other portion, covered with a knit fabric, substantially as herein described. 2. Covering the handle, or any other portion, of a whip, by drawing on the same a piece of tubular knit fabric, and fastening it thereon in any suitable manner, substantially as and for the purpose herein described.

The first defence set up is, that the invention patented is not a patentable invention. It is urged that the knit fabric, referred to in the first claim, is a tubular knit fabric; that it appears, by the evidence, that tubular knit fabrics were known and used, for various purposes, before Woodbury applied such a fabric to the covering of whips; that the application, in accordance with the patent, of such a knit fabric to the covering of a whip is merely the application of an old article to a new use; and that, therefore, the patent is void, as respects the first claim. The conclusion by no means follows from the premises. Although a tubular knit fabric was old, and although a whip was old, and although the idea of covering a whip and a whip-handle with something was old, it by no means follows that the application, in the manner shown in the specification, of such a knit fabric to the covering of a whip, so as to produce a whip, or a whip-handle, covered with such a fabric, substantially as described in the patent, is merely applying the knit fabric to a new use, in the sense in which, in the law of patents, the mere application of an old article to a new use is held not to be the subject of a patent. Such applications are of this character—

using an umbrella to ward off the rays of the sun, it having been before used to keep off the rain; eating peas with a spoon, it having been before used to eat soup with; cutting bread with a knife, it having been before used to cut meat with. To apply the principle here invoked, to avoid the first claim of this patent, would render void the mass of patents that are now granted. There is scarcely a patent granted that does not involve the application of an old thing to a new use, and that does not, in one sense, fail to involve any thing more. But the merit consists in being the first to make the application, and the first to show how it can be made, and the first to show that there is utility in making it. In the present case, the points of advantage, set forth in the specification, as attending the invention, are ornament, economy, and durability. It could not be told necessarily, a priori, without experiment, that these advantages would accompany the application of the knit fabric as a covering for the whip.

Another ground of defence urged is, that the defendants' whip-handles are not covered with a knit fabric, or, if they are, that such knit fabric is not made wholly by machinery, and is not made tubular wholly by machinery. The evidence is entirely satisfactory, that the fabric used by the defendants is a knit fabric, and not a woven fabric, within both the etymological and the technical definitions of a knit fabric. It appears, that, with a view to invade the patent, and, at the same time, to seem to evade it, the defendants have resorted to a discreditable and circuitous method of making a tubular knit fabric—a fabric which shall be knit, and shall also be tubular when ready to be applied to the whip. The patentee, desiring to use a fabric that is knit and tubular, does what every person proceeding in an honest and straightforward way would do. He uses a fabric which is knit in a tubular form on a machine, and which is in a tubular form when it is taken off from the machine on and by which it is knit. The defendants, it appears, knit their fabric by machinery, in flat strips, of the proper width to form a tube of the required diameter, and projecting loops are then produced on each edge of the strip, and those loops are then interlooped with each other by a crochet needle, by hand, forming the same stitches as in the rest of the fabric, and making it impossible to tell where the union was effected, or that the fabric was not wholly knit by machinery. But the interlooping by hand of the two rows of loops is knitting, and the fabric, when completed, and in a tubular form, is a knit fabric, and a tubular fabric, and a tubular knit fabric, and a fabric knit into a tubular form, and a fabric brought into a tubular form wholly by knitting, although a part of the knitting is done by machinery, and a part by hand. The patentee is not, because he describes his

method of obtaining the tubular knit fabric to be to knit it by machinery, being bound to describe the best method, limited to that method of obtaining the fabric. The first claim is to the whip, or whip-handle, covered with a knit fabric, substantially as described. Assuming the patentee to be limited to a knit fabric put into a tubular form before it is begun to be applied to the whip, or the handle, the mode of putting it into such tubular form, provided it be knit, is of no consequence. It would seem, from the evidence, that the defendants resort to the extraordinary circuitous method of knitting by machinery a flat strip, with a selvage on each edge, and then removing the two selvages by hand, thus disclosing the loops which are to be interlooped by hand by means of a crochet needle. In both cases, the fabrics have the characteristics which distinguish knitted from woven fabrics, of being formed by the interlooping of loops with each other, and of being elastic in every direction.

The fact that the handles of whips had before been covered with leather tubes drawn over the same, and with woven fabrics, is no answer to the patent. The defendants, in so far as, in accordance with the Avery patent, they have made or sold whips covered, in whole or in part, by a covering made of threads of warp and weft interwoven, have not infringed the patent. But they have infringed it by making or selling whips covered, in whole or in part, with a knit fabric, substantially as described in the plaintiffs' patent. There must be a decree for an account, and an injunction, with costs. The question of the extent of their liability under such accounting will come up on the master's report.