### YALE LOCK MANUF'G Co. *v.* JAMES.

*(Circuit Court, S. D. New York.* July 21, 1884.,

1. PATENT LAW—METALLIC DOORS AND DOOR-FRAMES OF PIGEON-HOLES IN POST-OFFICES.

It is unquestionable that the patentee, when he made his original application, intended to say that his invention did not consist simply of making, by his combination of metallic doors, door-frames, and wooden boxes, a continuous metallic frontage, but that it also consisted in *the way in which the frontage was made continuous,* viz., by the connection of the adjoining frames with each other. His definite and exact specification shows that he supposed that his patentable invention was thus limited

2. SAME—REISSUE No. 8,783.

The first and second claims of reissued letters patent No. 8,783 to the plaintiff as assignee of Silas N. Brooks, administrator of Linus Yale, Jr., are to be limited so as to require the combination of door-frames, doors, and pigeon-holes, to be by means of rivets or bolts which attach the frames both to the wood work and to each other.

In Equity.

*Frederic H. Betts,* for plaintiffs.

*Samuel B. Clark,* Asst. U. S. Dist. Atty., and *George Andrews,* for defendant.

SHIPMAN, J. This is a bill in equity, based upon the alleged infringement of reissued letters patent No. 8,783, dated July 1, 1879, which were issued to the plaintiff as assignee of Silas N. Brooks, administrator of Linus Yale, Jr., for an improvement in post-office boxes. The original patent was issued to said Brooks, as administrator, on September 19, 1871, and was reissued three times. The first reissue was applied for May 7, 1872, and was issued July 9, 1872; the second was applied for April 19, 1875, and was issued April 24, 1877; the third was applied for May 14, 1879.

The invention was described, and the original patent and the third reissue were recited in the opinion which was filed in June, 1880, in the case of the present plaintiff against the *Scoville Manuf'g Co.* 18 Blatchf. C. C. 248; S. C. 3 FED. REP. 288.

The first of the two claims of the first reissue was the first claim of the original patent. The second of said claims was as follows:

"The combination of two or more metallic frames and doors and locks with pigeon-holes; said frames having flanges, which protect and inclose wholly or in part the front edges of said pigeon-holes."

The defendant, as postmaster in the city of New York, and not otherwise, used in the post-office, provided and equipped for him by the United States government, wooden post-office boxes, with metallic fronts and doors, and open at the rear. They were manufactured by the Johnson Rotary Lock Company. The doors and door-frames made a continuous metallic frontage. The door-frames were secured to each other and to the wood-work as follows: At about the middle of each vertical edge of each door-frame there was a triangular hole, which, with the corresponding hole in the adjoining door-frame, made a rectangular hole through which the metal fastening bolt, completely filling such hole, was passed; the heads of such bolts overlapping the contiguous edges of adjoining metallic fronts, and the bolt itself passing through the wooden partition between the adjoining pigeon-holes, and being secured at the back thereof, within the post-office room, by a nut screwed upon the end of the bolt.

There were other boxes constructed substantially as above described, excepting that the metal front of each pigeon-hole was fastened to the wood-work by means of flanges and screws; but the screws which attached the frames to the wood-work did not attach the frames to each other.

Neither series of boxes would have infringed either claim of the original patent. Each series infringes the first and second claims of the present reissue, unless those claims are to receive a construction which shall compel the metallic frontage to be made continuous by rivets, bolts, or fastenings which shall attach the frames both to the wood-work and to each adjoining frame.

The plaintiff insists that these claims should not receive such a

construction, because it has been found that the invention of the specification of the reissue, although a broader one than was described in the original patent, is the invention which the history of the art and the patent show should have been described, and because the first reissue was promptly applied for, and, as issued, included in its second claim, in the view of the plaintiff, the same invention which is described in the first and second claims of the reissue.

The defendant says, among other things, that since the cases of *Brass Co.* v. *Miller*, 104 U. S. 350, and *Campbell* v. *James*, Id. 356, it has been settled by the supreme court that the commissioner of patents, in allowing the first and second claims, exceeded his jurisdiction, because the invention which was first applied for, and was "complete in itself," was clearly, specifically, and fully described in the original specification and in the claim, and an expanded claim would necessarily include an invention which was not sought to be described in the original patent; and, furthermore, that there could have been no inadvertence or mistake, because the original patent and the accompanying documents show that the patentee "did not intend it (the patent) to embrace any such broad invention" as was described in the reissue. The defendant also says that the patentee, in his application for the first reissue, ineffectually endeavored to alter the description of the invention so as to omit the fastening of the door-frames to each other as a necessary integral part of the invention, and that the second claim of the first reissue cannot fairly be construed to permit such omission, and therefore that the patentee is estopped from insisting upon a broad construction of the first and second claims of the present reissue, and that these claims are objectionable on account of the laches of the patentee. The "file-wrapper and contents" of the first reissue were not a part of the record in the *Scoville Case.*

It is unquestionable that the patentee, when he made his original application, intended to say that his invention did not consist simply in making, by his combination of metallic doors, door-frames, and wooden boxes, a continuous metallic frontage, but that it also consisted in the way in which the frontage was made continuous, viz., by the connection of the adjoining frames with each other. His definite and exact specification shows that he supposed that his patentable invention was thus limited. He described, with precision and clearness, that his metallic frontage was to be so constructed that the frames were to be fastened to each other at top, bottom, and sides, and not merely to the wood-work. "A specific invention, complete in itself," was described "fully and clearly, without ambiguity or obscurity." Under the definitions which are given in the decisions which have been referred to, and in *Manuf'g Co.* v. *Ladd*, 102 U. S. 408, of the inadvertence, accident, or mistake which permits a reissue, when a patent is said to be inoperative on account of a defect or insufficiency in the specification which arose through such inadvertence or mistake, and also of the nature of the defectiveness or

insufficiency which is meant by the statute, there was no mistake, although the patentee might have fallen into an error of judgment, or into an erroneous conclusion of fact; and, furthermore, the original patent, according to the definitions contained in the recent and perhaps in the earlier cases, was not defective nor insufficient either in its descriptive portions or in its claims.

The second claim of the first reissue, construed in the light of the contemporaneous facts, which are shown in the "file-wrapper and contents," cannot be fairly construed to mean a metallic frontage irrespective of the fastening of the frames to each other through the wood-work. Were this claim to be construed without study of the history of the application as it made its way through the patent-office, and of the amendments which it was compelled to undergo, it would probably receive the construction which naturally belongs to the first claim of the present reissue. But the patentee abandoned, under pressure from the patent-office, the clauses in the application which made the fastening of the frames to each other to be optional, and abandoned also a proposed third claim, which described the box-frames as secured to the pigeon-holes "independently of each other, by means of screws or other similar fastenings." In view of the fact that the patent-office excluded from the descriptive part of the specification suggestions of any other method of fastening than that by which the frames were to be fastened to each other, it would be singular if the intent of the office was to include in the second claim such other method of construction. If this claim has properly, and the applicant knew that it was intended to have, a narrow construction,—and of this knowledge I think there can be little doubt,—the plaintiff would not insist that the first and second claims of the present reissue ought, in view of the decision in *Brass Co*. v. *Miller, supra,* to be so construed as to be any broader than the third claim, which requires the combination of door-frames, doors, and pigeon-holes to be by means of rivets or bolts, which attach the frames both to the wood-work and to each other.

There is no infringement, and the bill is dismissed.