**PERFECTION DISAPPEARING BED CO., Inc., et al. v. MURPHY WALL BED CO., et al.***

(Circuit Court of Appeals, Ninth Circuit. July 6, 1920.)

No. 3456.

1. **Patents ☞136—Failure to make claims cover entire invention; "inadvertence" authorizing reissue.**

In the absence of fraud, the failure of an inventor or his solicitor to put the claims in such form as will cover the entire invention is "inadvertence," within the meaning of the statute, which will authorize a reissue, although the original patent is not inoperative.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Inadvertence.]

2. **Patents ☞73—As anticipative patent speaks from date of issuance.**

For the purpose of anticipation, a patent speaks from the date of its issuance, and not from the date of the application.

3. **Patents ☞328—1,068,806, and reissue 13,428, for disappearing bed, valid and infringed.**

The Murphy patents No. 1,068,806 and reissue No. 13,428, each for a disappearing bed, *held* not anticipated, valid, and infringed.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Suit in equity by the Murphy Wall Bed Company and the Marshall & Stearns Company against the Perfection Disappearing Bed Company, Incorporated, and others. Decree for complainants, and defendants appeal. Affirmed.

Waldo F. Postel, of San Francisco, Cal., for appellants.
William K. White, of San Francisco, Cal., for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The appellants appeal from a decree wherein they were adjudged to have infringed claims 9, 10, 13, and 14 of reissue letters patent No. 13,428, issued to Wm. L. Murphy on April 13, 1912, for a "disappearing bed," and claim 1 of patent No. 1,-068,806, issued to Murphy on July 29, 1913, for "disappearing bed."

Claims 13 and 14 of the reissue letters patent were upon the reissue added to the original patent. The appellants contend that those claims are void for failure to comply with section 4916, Rev. Stat. (Comp. St. § 9461), which provides:

"Whenever any patent is inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the Commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a new patent for the same invention, and in accordance with the corrected specification, to be issued to the patentee. * * * But no new matter shall be introduced into the specification."

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied October 18, 1920.

It is contended that there was no error, mistake, or inadvertence in the original patent, and no defective or insufficient specification therein, and that claims 13 and 14 introduced new matter.

The Murphy disappearing bed, as disclosed in the original patent, marked a distinct advance in the art. The invention relates to means for concealing a bed in such a way as to leave no suggestion of its use in the room in which it is to be used. Many previous devices for this purpose were in the field, when Murphy conceived the idea that a bed might be adapted to be moved about a vertical axis through an opening of less width than the bed, and shifted laterally with respect to such opening, and concealed in an ordinary closet, behind an ordinary closet door only three feet in width. In the original patent the claims covered two methods in which this might be accomplished. One was by attaching the bed to a door which opened outwardly from a small closet or an adjoining room. The other was by attaching a bed by pivotal means to the wall at one vertical side of the door opening. In claims 13 and 14 of the reissue patent a third method was added— that of pivoting the bed upon a vertical axis adjacent to one side of the opening. All of these methods were adapted to accomplish the same result, and to carry out the idea which was the gist of Murphy's invention. The leading case construing the statute here involved is Topliff v. Topliff, 145 U. S. 156, 12 Sup. Ct. 825, 36 L. Ed. 658, where Mr. Justice Brown reviewed the decisions and said:

"From this summary of the authorities, it may be regarded as the settled rule of this court that the power to reissue may be exercised, when the parent is inoperative by reason of the fact that the specification as originally drawn was defective or insufficient, or the claims were narrower than the actual invention of the patentee, provided the error has arisen from inadvertence or mistake, and the patentee is guilty of no fraud or deception."

The court went on to say that the reissue must be for the same invention as the original patent, as shown in the specification and claims thereof, and that the courts will not review the decision of the Commissioner upon the question of inadvertence, accident, or mistake, "unless the matter is manifest from the record." The court said:

"To hold that a patent can never be reissued for an enlarged claim would be not only to override the obvious intent of the statute, but would operate in many cases with great hardship upon the patentee."

This conclusion was reached in view of the fact that inventions are often placed in the hands of inexperienced persons to prepare the specifications and claims.

[1] From the foregoing decision and others it is obvious that the words "inadvertence or mistake" are used in the statute as the antitheses to "fraudulent intent," and that in the absence of fraud the failure of an inventor or his solicitor to put the claims in such form as will cover the entire invention is "inadvertence," within the meaning of the statute, and that to justify a reissue it is not necessary that the original patent shall be inoperative, but it is sufficient if it fail to secure to the patentee the whole of his invention. We think it clear in this case that claims 13 and 14 are not beyond the scope of the invention shown in the original specification. The reissue letters pat-

ent but add another method of expressing Murphy's original conception.

There is no evidence that any one could have been injured by the reissuance, or that the object of the reissuance was to cover improvements which had come into use or had been invented by others after the original issue. The appellants' suggestion that the reissuance was obtained in order to take advantage of the Anderson patent, letters patent No. 1,015,376, is not sustained by the facts. Murphy's original application was filed on January 3, 1911, and the patent was issued on October 31st of the same year. Anderson applied for his patent on August 28, 1911. But in the meantime, on April 8, 1911, Murphy had applied for a second patent for a disappearing bed, setting forth five claims, two of which were identical with claims 13 and 14, subsequently inserted in the reissue patent. In May, 1911, the Patent Office allowed all' the claims of Murphy's second application. But thereafter Murphy canceled therefrom the two claims which were transferred to the application for the reissue patent and became claims 13 and 14 thereof. This was done obviously for the reason that those two claims were thought to be germane to the original invention. No other reason appears. On June 18, 1912, Murphy received letters patent No. 1,030,-201, covering the three remaining claims of his application of April 8, 1911.

[2] The second patent in suit was issued on July 29, 1913, upon an application filed April 13, 1912. The first claim reads:

"In combination with a wall having an opening, a standard arranged adjacent to one side of said opening, and adapted to move forward and backward in said opening, and a bed connected intermediate its sides to said standard."

It is contended that this claim is void (1) for double patenting; and (2) that it is anticipated by patent No. 1,086,744, issued on February 10, 1914, to Anderson, upon an application filed February 1, 1912, and prior to the date of the application for Murphy's third patent. There are two reasons why the defense of anticipation cannot avail the appellants. In the first place, it was not pleaded; and, in the second place, for the purpose of anticipation, a patent speaks, not from the date of the application, but from the date of its issuance. Bates v. Coe, 98 U. S. 31, 25 L. Ed. 68; Dubois v. Kirk, 158 U. S. 58, 15 Sup. Ct. 729, 39 L. Ed. 895; American Roll Paper Co. v. Weston (C. C.) 45 Fed. 686, 689; Anderson v. Collins, 122 Fed. 451, 58 C. C. A. 669; General Electric Co. v. Allis-Chalmers Co. (C. C.) 190 Fed. 165, 170; Turner Brass Works v. Appliance Mfg. Co. (C. C.) 203 Fed. 1001.

The defense that the second patent in suit is void for the reason that both the Murphy patents are for the same invention is made for the first time in this court. Claim 1 of the second patent differs from the claims of the reissue patent, in that it calls for a standard which is movable forward and backward in the door opening. We are not convinced· that the claim is void. The reissue letters patent specified only a fixed axis. The second patent introduces a movable axis. But, conceding that a movable axis might have been claimed in the reissue patent, that fact affords no ground for reversing the decree. The suit was brought upon both patents. The bill alleged that the appellants

have infringed "them and each of them." The decree finds that the appellants "have infringed and contributed to the infringing of both said letters patent and of each of them." If the later patent is void, for the reason that it is a second patent for the same invention, it does not follow that the decree should be disturbed, for in that case it may, in equity, rest wholly upon the claims of the reissue patent.

There can be no question but that the appellants have infringed the claims of both patents, as was found by the court below. The structures made by the appellants come within the appellees' claims. It is urged that there is substantial difference, sufficient to avoid infringement, in that claims 9 and 10 of the reissue patent call for pivotal means for connecting the bed to the wall at one of the vertical sides of the opening; whereas, in the appellants' device, the vertical axis is supported by the floor or by the floor and the top of the opening. This slight alteration in construction does not avoid infringement. It is but a change of form, not a change in principle.

The decree is affirmed.