### JOCKMUS v. W. W. GALE & CO., Inc.

(District Court, D. Connecticut.   December 14, 1923.)

No. 1593.

I. Patents ⬳75—Proof of prior use.

  To sustain the defense of prior use, the proof must satisfactorily show (1) the identity of the alleged prior structure with that of the patent, and (2) the date at which the alleged prior structure was made.

2. Patents ⬳81—Unaided recollection of witness as to date of prior structure insufficient to establish prior use.

  The unaided recollection of a witness, testifying long after the fact, as to the date of use of an alleged prior structure, is insufficient to meet the requirements of proof necessary to sustain a defense of prior use.

3. Patents ⬳328—Severus patent No. 1,114,299, for electric light fixture, held valid and infringed.

  The Severus patent, No. 1,114,299, for an electric light fixture, *held* not anticipated, and to disclose patentable novelty and invention in the combination shown; also, defendant *held* chargeable with contributory infringement.

In Equity.   Suit by Charles H. Jockmus against W. W. Gale & Co., Inc.   Decree for complainant.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William S. Pritchard and Harry C. Lewis, both of New York City, and Eli Mix, of New Haven, Conn., for plaintiff.

Henry E. Rockwell, of New Haven, Conn., for defendant.

THOMAS, District Judge. This suit is brought for an infringement of letters patent No. 1,114,299, issued on October 20, 1914, to Louis Severus for an improvement in an electric light fixture.

The plaintiff is a manufacturer of brass goods in Ansonia, Conn., doing business under the trade-name and style of Ansonia Manufacturing Company. The defendant is a retail dealer in electrical supplies in New Haven. The plaintiff derives title by means of two assignments: The first from the patentee to Harry C. Lewis dated March 24, 1921, and the second from Lewis to the plaintiff dated May 2, 1921; both assignments having been properly acknowledged and recorded in the Patent Office.

The patent in suit describes an electric light fixture which is adapted to be secured to the end of a pipe through which the electric conductors pass, and which adjustably supports the lamp socket. The support is adapted so as to be housed in a porcelain jacket, giving the whole fixture the appearance of a candle; the wick of the candle being represented by an incandescent lamp. The support is made adjustable so as to serve for use in jackets of different heights.

Fixtures of this type were old and well-known many years prior to the filing date of this application, which resulted in the issuance of the patent in suit, as is shown, for example, in British patent to Evans, No. 666, issued January 11, 1894, and in others of record.

One of the most important advantages of the alleged invention described in the patent in suit, over the prior art, is that, upon removal of the jacket, the conductors are readily accessible for repair; the adjustable support being so constructed that the conductors are throughout their lengths exposed within the jacket, as is clearly shown in Fig. 2 of the drawings. By reason of this construction, it is obvious that the conductors can be readily connected and adjusted to the lamp socket without interference by the support.

The patent contains two claims, both of which are alleged to be infringed by the structure sold by the plaintiff, and they are as follows:

"1. An electric light fixture, comprising a pipe terminal, an incandescent lamp socket, an extensible support between the socket and said pipe terminal, and a jacket around said support, said support comprising a pair of bars at one side of the jacket slidably and adjustably connected to each other at one end and bent inwardly at the other, said inwardly bent ends being provided with a screw thread for connection to the pipe terminal and to the socket respectively.

"2. An electric light fixture comprising a pipe terminal, an incandescent lamp socket, a pair of conductors leading from the terminal to the socket, a stud in said socket at the lower end thereof, an extensible support comprising a pair of bars each provided with a screw thread for connection to the pipe terminal and to the stud on the socket respectively, said bars being offset intermediate their points of connection to the pipe terminal and to the sockets respectively to permit the conductors from the terminal to slide with the socket and to be readily adjusted without interference by said support, and a jacket around said support."

In the specification it is found that the electric light fixture defined by these claims includes a pipe terminal provided with screw threads at its upper end, an incandescent lamp socket, an extensible support between the socket and the pipe terminal, and a jacket around the support. The support is composed of a pair of bars which are slidably and adjustably connected to each other at one end, and bent inwardly at their other ends. Each of these inwardly bent ends is provided with screw threads for connection to the threads of the pipe terminal and to the socket respectively. A pair of electrical conductors is extended through the pipe; the conductor being at its upper end connected by a screw to the screw threaded shell of the lamp socket, and the latter being adapted to receive the base of an incandescent lamp of usual construction. The conductor is connected by a screw and a strip to a tip contact which is adapted to contact electrically with the tip of the lamp base.

The plaintiff charges that the defendant is a contributory infringer, inasmuch as it has sold a device which is intended to be incorporated in an infringing device. The defenses are:

(1) Anticipation of the claims by the Keller candle fixture.

(2) Invalidity because the claims 'are drawn to an old and unpatentable combination.

(3) Lack of patentable novelty by reason of various prior patents, public use, and publication, and

(4) Noninfringement.

[1] As to the defense of prior use which has been interposed, the rule is well settled that there are two features as to which the proof must be satisfactory:

(a) The identity of the alleged prior structure with that of the patent must be shown.

(b) The date at which the alleged prior structure was made must also be disclosed.

Greenwald Bros. v. La Vogue Petticoat Co., 226 Fed. 448, at page 453, 141 C. C. A. 278.

1. Defendant's Exhibit N, produced by the witness Keller, comprises an electric socket upon the inwardly bent upper end of a flat metal strip; the latter being slidably mounted within a candle stick of old design. To this flat metal piece is secured a screw threaded device which projects through a verticle slot in the candle stick. The lamp may be raised or lowered by sliding the flat metal piece, carrying the lamp socket up or down; the metal piece being held in position by turning the handle of the screw member, thus locking the device in place by friction. I fail to see in what way this exhibit meets the terms of either one of the claims of the patent in suit, even if it were granted, for purposes of argument, that the candle stick corresponds to the patentee's jacket, and the flat metal piece is the equivalent of the patentee's support member, and the screw member is the equivalent of the patentee's clamping screw. I fail to find an anticipation of some of the features contained in the Severus invention; e. g., the removable jacket which exposes the electric conductors. Moreover, it must be held that in Defendant's Exhibit N the jacket constitutes one of the elements of the support and cannot be said to be disposed

around the support, as a whole, as required by both claims of the patent in suit.

[2] The date at which the alleged prior structure was made is, therefore, not essential. However, it may be noted here, just as was stated by Judge Learned Hand in Kalamazoo Loose Leaf Binder Co. v. Wilson Jones L. L. Co. (D. C.) 286 Fed. 715, on page 717:

"There is no documentary corroboration of it, and the testimony of the witnesses, though unimpeached, is not supported by any circumstances which put it beyond the inevitable infirmities of their recollection."

See, also, Greenwald Bros. v. La Vogue Petticoat Co. Case, supra.

That rule has force here, as it appears that a long time has intervened between the date of the alleged completion of the exhibit and the date at which the testimony concerning it was given.

[3] 2. The defendant insists that the claims of the patent are drawn to an old and unpatentable combination and alleges that the combination of a pipe terminal with a lamp socket, a jacket, and an adjustable support is old; as shown, e. g., by the Bonella patent, No. 825,182, cited in the file wrapper, and by the Klein patent, No. 1,086,599, and the British patent to Evans, No. 666 of 1894. The defendant, therefore, argues that the only novelty present in the patented structure is in the extensible support per se, and that it is improperly claimed in combination with other elements when the combination, as such, was previously known.

But a careful perusal of the patents in evidence convinces me that the patent in suit has remedied serious defects in former electric fixtures of this type. Following its teachings, it is very simple to connect the electric conductors to the lamp socket. Under the old practice, these conductors extended through a solid tube and had to be pulled through and out the opening in the side by means of some small sharp instrument and then bent around and fastened to the side terminals of the socket. Taking this into consideration and having in mind that the adjustable support of the patentee is novel, as will hereafter appear—its elements having a specific construction and arranged in novel relation to the other elements of the claims—it necessarily follows that the patentee is entitled to claims for the combination. To make this clearer, it may be said that the prior art does not show an adjustable support composed of a pair of bars adjustably connected to each other at one end, and bent inwardly at the other end, which inwardly bent ends are provided each with screw threads for connection to the pipe terminal and to the socket, respectively, the bars extending to one side of the jacket. Had the patentee not brought out these limitations and relations of the elements one to another in the claims, the latter certainly could not have been held to be drawn to a combination. As it is, however, I must hold that they are true combination claims, and therefore valid.

3. It is unnecessary to go into a minute analysis and discussion of each of the prior patents and publications; but it is sufficient, I believe, to say that Severus seems to have been the first to so arrange his support as to leave the electric conductors exposed throughout their lengths within the jacket, and that the adjustable support is at one

side of the jacket to permit the conductors from the pipe terminal to align with the lamp socket. Both claims of the patent in suit set forth this combination and arrangement of elements, and it is entirely immaterial, with regard to the validity of this patent, whether all of those parts were old or whether any of them are new. If no one before this inventor had made this combination and claimed this arrangement of parts, and the combination is useful, then it is a patentable device. I do not find in the evidence a combination and arrangement of the operative parts of this patent. While I do find incandescent lamp holders of the class designed to represent candles with adjustable supports, and while I find adjustable supports of the general type disclosed by the patent in suit, I do not find an adjustable support so combined with the pipe terminal, socket, and jacket as to permit the freedom of wiring disclosed in the Severus patent in suit.

It is urged with much tenacity by the defendant that any one of the tubular adjustable supports of the prior art may be made to operate like the plaintiff's operates by changes in the tubular support, and exhibits have been introduced in aid of that contention. It does not appear, however, that any of the structures so introduced have been used as a part of the prior art. It is clear to me that these exhibits are the result of ex post facto judgments, and prove that to make the device of the Severus patent did involve invention. I therefore conclude that the defense of want of novelty must fail.

The conclusions herein stated are fairly within the rulings of the various courts in such cases as Strong v. Noble, 6 Blatchf. 477, Fed. Cas. No. 13543; O'Rourke Engineering Co. v. McMullen et al., 160 Fed. 933, 88 C. C. A. 115; Potts v. Creager, 155 U. S. 597, 608, 15 Sup. Ct. 194, 39 L. Ed. 275; Webster Loom Co. v. Higgins, 105 U. S. 580, 591, 26 L. Ed. 1177.

4. As to infringement: The defendant's extensible support is practically a Chinese copy of the support of the patent in suit. The claims read literally, so far as the support is concerned, on the defendant's structure. The plaintiff charges contributory infringement by the defendant by reason of its selling the support represented by Plaintiff's Exhibit 4 in evidence. The whole question on this feature of the case turns, therefore, on what the defendant intended to do; that is to say, for what purpose did the defendant sell the device which is the cause of this suit? Goodyear Shoe Machinery Co. v. Jackson, 112 Fed. 146, 50 C. C. A. 159, 55 L. R. A. 692.

This intent clearly appears from the sales slip (Plaintiff's Exhibit 5) which was given by the defendant at the time of purchase; as well as from the White catalogue, Plaintiff's Exhibit 6. The sales slip contains these words, "2 J. H. White candle extensions, price 15¢, amount 30¢." From this I am satisfied that this defendant intended the devices which it sold and which were manufactured by the J. H. White Company of Brooklyn to be used as candle extensions in the identical way as shown in the patent in suit. The defendant is thus guilty of contributory infringement under many well-known decisions on this point, and I so hold, notwithstanding the fact that the device could possibly be used for another purpose, although, from the evi-

dence, there is grave doubt even as to whether it could be used for any other purpose than as a candle extension.

There may be a decree sustaining the patent and finding the defendant guilty of contributory infringement.

The plaintiff waives an accounting against this defendant on the ground that the number of devices sold by the defendant cannot be sufficient to justify the expense of an accounting. From this waiver it appears to me that this suit was evidently instituted in order to have the patent in suit adjudicated in this district. In other words, the plaintiff comes into this court to prepare the ground for another suit against the real defendant, who is obviously the manufacturer of the device sold by this defendant. This being so, it is only fair that the plaintiff pay the costs of these proceedings, and it is so ordered.

Decree accordingly.