## GROSS v. NORRIS.

Circuit Court of Appeals, Fourth Circuit.
June 12, 1928.

No. 2710.

1. Patents ⬩328—Reissue 15,782, claims 3, 4, 5, 6, for automobile parking light, held valid and infringed.

Reissue No. 15,782, claims 3, 4, 5, and 6, for parking light to be attached to automobile fender, *held* valid and infringed.

2. Patents ⬩328—57,640, for design for automobile parking light, held valid.

Design patent No. 57,640, for design for parking light for automobiles, *held* to involve invention and valid.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; Morris A. Soper, Judge.

Patent infringement suit by Angus R. Gross against Harry O. Norris, trading as R. W. Norris & Sons. From the decree (18 F.[2d] • 418) holding one patent invalid, plaintiff appeals; and from the decree holding the other patent valid and infringed, defendant appeals. Affirmed on defendant's appeal; reversed on plaintiff's appeal.

Arthur E. Dowell, of Washington, D. C. (Alexander & Dowell, of Washington, D. C.,

on the brief), for appellant and cross-appellee.

William R. Wood, of Cincinnati, Ohio (Edmund P. Wood, of Cincinnati, Ohio, on the brief), for appellee and cross-appellant.

Before WADDILL and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

WADDILL, Circuit Judge. These are cross-appeals seeking to review certain decrees of the United States District Court for the District of Maryland, dated, respectively, on April 23, 1927 and November 3, 1927. The facts are briefly these:

The plaintiff, Gross, sued the defendant, Norris, for the infringement of plaintiff's mechanical patent No. 1,380,058, dated May 31, 1921, for parking light, and reissued March 4, 1924, as No. 15,782, and also for infringement of plaintiff's design patent No. 57,640, for parking light, dated April 26, 1921. The District Court found the mechanical patent and the reissue thereof valid and infringed, but held the design patent invalid, and accordingly so decreed. Defendant appealed from the decree adjudging the mechanical patent valid and infringed, and the plaintiff appealed from the decree declaring the design patent invalid.

[1] The defendant's appeal from the decree holding the mechanical patent valid and infringed will be first considered. The patent involved in this appeal has heretofore been the subject of litigation in this court, and claim 3 thereof declared to be valid. Gross v. Frank (C. C. A.) 293 F. 702. The patent thus sustained—that is to say, claim 3 of patent No. 1,380,058—was reissued on December 24, 1923, the reissued patent being No. 15,782, and, in addition to the original claim 3, claims 4, 5, and 6 were made in such reissue. Claim 3 of the original patent and of the reissued patent, is as follows:

"3. In a parking light, a tubular supporting member having its upper end formed with a bayonet slot for engagement with the pin of a lamp shank and having an integral exterior supporting flange adapted to rest upon the top of the fender; means for clamping the flange to a fender; a small T-shaped casing comprising a cylindrical body open at its opposite ends and a depending tubular T portion adapted to telescope over the upper end of the tubular supporting member above the flange; multifaceted lenses secured in and projecting beyond each end of the casing; a socket screw for fastening the T portion of the casing to the upper end of the socket member the outer end of

said screw being substantially flush with the exterior of the part in which it is threaded, an insulating block fixedly secured in the lower end of the tubular supporting member; and means in said block for making electrical contact with the contacts in the shank of a lamp when the latter is inserted in the upper end of the socket member, the parts being so proportioned that the lamp is approximately in axial alinement with both lenses, substantially as described."

Claims 4, 5, and 6 of the reissued patent are as follows:

"4. For a parking light, a small T-shaped casing having openings in its opposite ends, and projecting multifaceted lenses secured in said openings and projecting beyond each end of the casing and means for attaching same to an automobile fender, substantially as described.

"5. In a parking light, a member adapted to be attached to a fender; a small T-shaped casing having openings in its opposite ends and multifaceted lenses secured in and projecting beyond each end of the casing; and means for securing the casing on the said member, substantially as described.

"6. In a parking light, a tubular member; means for securing the member to a fender; a small T-shaped casing having openings at its opposite ends and multifaceted lenses secured in and projecting beyond each end of the casing; means for fastening the T of the casing to the upper end of the said member, and insulated means connected with said member for making electrical contact with the terminals of a lamp in the casing, substantially as described."

Claim 3 is exactly the same as claim 3 of the original patent, sustained by this court as infringed in Gross v. Frank (C. C. A.) 293 F. 702, supra; therefore an elaborate discussion as to that claim is unnecessary. A brief summary of the decision in that case, sustaining the patent, is as follows:

"It is not shown in the record that any prior light had been produced with a small metal T-shaped body and projecting faceted lenses in each end thereof, as in the case of the plaintiff's light. This was the essentially novel feature of the plaintiff's invention, and what made his light a success was the small T-shaped casing with the projecting multifaceted lenses in each end thereof. No one had previously conceived this idea, and used a lens with multifaceted lenses on such a casing for the purpose desired, with the result that the projections and the facets on each side threw the rays of the light sideways as well as forward, greatly magnifying the size of the light. This was a real contribution to the prior art, was novel in character, calling for inventive genius, and had not theretofore been anticipated.

"If we are correct in the view stated as to the novelty and utility of the plaintiff's invention, and as to which we think there can be no doubt, it suffices to establish plaintiff's claim to the validity of his patent. Treating, however, the case as one of patentable combination, based upon the alleged improvement of old devices theretofore existing, so as to produce new, useful, and valuable results, we think there can be little doubt of the validity of the patent, and that it embodies the necessary requisites to sustain such patent, taking into account the success attained and the benefit accomplished from such combination. This would entitle it to validity alone as an advance in the art.

"The subject of this patent is in a sense an article of manufacture, and it cannot be said that the effectiveness of the light is not greatly improved, as well in its size as in its simplicity, the lessening of the cost, and the neatness and appearance of it, and that every one of the parts, used and adopted by the plaintiff, has been found to be necessary and useful in reducing it to a small, simple device, which would embody a smaller number of parts. The lenses were put in, in the location as claimed, to accomplish the very purpose of increasing the size of the light over those of the larger lamp which it seems to have displaced. Thus the otherwise merely ornamental jewel lenses were adapted to new purposes, namely, for better disseminating the light from a smaller lamp. The plaintiff's patent was for improvement on patents theretofore existing, not for something entirely new in itself, and hence it involved necessarily dealing with what had theretofore gone before. But this in no manner detracts from the validity of the plaintiff's claim, if it develops that what he has procured by way of enlargement and improvement and development of the art in the previous stages is something shown to be an advance in the science, and novel, useful, and valuable, and confers a real benefit. The record shows that the lamp described in the patent, when offered for sale, met with immediate commercial success, because in many respects it had practical advantages over other lamps of a similar character previously on the market. Primarily the popularity of this lamp results from its size, attractive appearance, durability, and the amount of light radiated. Because of its smaller size, it can be placed, without danger of injury, on the

fender of an automobile, where it is most effective as indicating the position of the vehicle by unobstructedly projecting light rays fore and aft. Moreover, it is so made as to allow the removal and introduction of electric bulbs when necessary, by the manipulation of a small number of parts, without deranging the other parts of the lamp, and simple means are provided for securing it to the fender.

"The real inquiry in a case like the present is whether the proposed claim presents something new and useful in the art, and involves inventive genius. If so, such claims are patentable, although in a sense they may constitute improvements on old or former devices. The advance in the science, the improvement in the art, the making of something useful and beneficial out of something theretofore crude and inoperative, however much the original model may appear to be like the perfected design, is at least what the public is interested in, and is what the monopoly of the patent is granted for, to the end that the real advantage of benefits secured may become the property of the public at the expiration of the patent period. Such, it seems to the court, is the character of the lamp in the patent in suit, and that, as respects the claim in issue, something of value has been added to the state of the art, valuable and useful in the purposes for which it was designed, resulting in much economy and greater illuminating power, and which had not been anticipated by others in the prior art. Many authorities might be cited to sustain this view, and reference is especially made to the comparatively recent case of Diamond Rubber Co. v. Consul Tire Co., 220 U. S. 428, 31 S. Ct. 444, 55 L. Ed. 527. The able and interesting opinion of Judge McKenna in this case is quite conclusive of the present controversy. Other federal authorities may be cited, viz.: Expanded Metal Co. v. Bradford, 214 U. S. 366, 381, 29 S. Ct. 652, 53 L. Ed. 1034; Loom Co. v. Higgins, 105 U. S. 580, 591, 26 L. Ed. 1177; Strong v. Noble, 6 Blatchf. 477, Fed. Cas. No. 13,543; O'Rourke Engineering Co. v. McMullen, 88 C. C. A. 115, 160 F. 933; National Tube Co. v. Aiken, 91 C. C. A. 114, 163 F. 254; Wright's Automatic Co., etc., v. American Tobacco Co. (D. C.) 220 F. 163, 166, 167; H. D. Smith & Co. v. Peck Stow & Wilcox Co. (C. C. A.) 262 F. 415, 417; Macbeth-Evans Glass Co. v. Smith Glass Co. (C. C. A.) 284 F. 193, 197—which will also be found of interest, and to fully support the court's conclusion as herein announced."

Upon considering this appeal from the action of the District Court herein: Claim 3,

as well as claims 4, 5, and 6 of the reissued patent, were all held to be valid and infringed by defendants. To the opinion of that court (Gross v. Norris [D. C.] 18 F.[2d] 418) and the authorities cited therein, reference is made as containing a comprehensive discussion and determination of the questions involved here, and we are fully in accord with the trial court in holding that claims 3, 4, 5, and 6 of the reissued patent, No. 15,782, are valid, and that they were infringed as therein found.

[2] This brings us to the consideration of appellant's cross-appeal taken from the decree of the District Court of April 23, 1927, declaring invalid appellant's design patent No. 57,640, dated April 26, 1921, and dismissing appellant's bill in regard thereto. The difference between the two patents of appellant, the mechanical patent embodying claims 3, 4, 5, and 6 as set forth in appellant's reissued patent No. 15,782, dated March 4, 1924, and the design patent aforesaid, No. 57,640, is obvious, as is also the difference in character of the two classes of patents; the design patent being of a character relating to the appearance and beauty of the invention rather than to its structural and mechanical devices and parts. While it is true that the two patents may cover the same article without infringing the rule as to double patenting, still greater leniency will be shown in considering design patents than in dealing with mechanical patents, since the former class of patents relate to ornamental and trivial matters rather than to utility and the more substantial considerations which arise and control in considering mechanical patents. Revised Statutes, § 4929, amended Act May 9, 1902, 32 Statutes at Large, c. 783, p. 193 (35 USCA § 73; Comp. St. § 9475); Rowe v. Blodgett (C. C.) 103 F. 873, affirmed (C. C. A.) 112 F. 61; Foster & Bro. Co. v. Tilden Co. (C. C. A.) 200 F. 54; Mygatt v. Schaffer (C. C. A.) 218 F. 827.

The court below, however, held in its opinion that there must be originality and beauty in the design patent, and that mere mechanical skill will not suffice. The learned judge, in that respect, said: "Bearing this rule in mind, it is possible to find invention in the design patent in suit particularly when its limited scope is remembered." But the court concluded that what was claimed for the design patent in question did not rise to the dignity of an invention, and was therefore invalid even as a patent of that class.

This court can but feel that the learned District Judge took too narrow a view in considering the design patent in question. Un-

der the claims the inventor was left ample opportunity to create and produce something calling as well for inventive skill as ornateness. To declare invalid the design patent, because of its failure to indicate inventive skill as well as beauty, greatly tended to produce confusion and misunderstanding as to the plaintiff's rights, not only under the design patent, but under the mechanical patent heretofore declared valid by this court. We are therefore of opinion that the action of the trial court declaring invalid letters patent No. 57,640, dated April 26, 1921, owned by appellant and cross-appellee, and dismissing his bill in respect thereto, should be reversed.

Appellee and cross-appellant further urges that the bill of appellant and cross-appellee should be dismissed, for the reason that the patents in question are void because of their failure to show either novelty or inventive genius. This is but the claim put forth and pressed at the hearing before this court, and considered when the original appeal was heard, and then denied for lack of merit. Appellee and cross-appellant in effect presents the same question, and urges the right so to do because of change of parties in interest and the alleged different state of facts they presented on the original appeal. He especially relies upon two French patents to one Trouve, Nos. 154,658 and 160,-901, and to a British patent to Clark, No. 5,714; the latter patent being in effect the same as the first French patent to Trouve above mentioned. A careful consideration of these patents, and of the appellee's and cross-appellant's case as made upon this appeal, shows that he has made no such case as would warrant this court in reviewing and altering its decision heretofore rendered in Gross v. Frank (C. C. A.) 293 F. 702, supra.

The decision of the District Court as to the mechanical patent in suit is affirmed, and as to the design patent is reversed, with costs to the appellant and cross-appellee.

Affirmed in part.

Reversed in part.