217 F.2d 39
 103 U.S.P.Q. 410
 MOIST COLD REFRIGERATOR CO., Inc., a corporation, Appellant,
v.
LOU JOHNSON CO., Inc., a corporation, Meier & Frank Co.,
Inc., a corporation, Admiral Corporation, a
corporation, and Amana Refrigeration,
Inc., a corporation, Appellees.
 No. 13811.
 United States Court of Appeals, Ninth Circuit.
 Nov. 24, 1954.
Writ of Certiorari Denied Feb. 28, 1955.
See 75 S.Ct. 441.
 
 Buckhorn & Cheatham, Orme E. Cheatham, Portland, Or., John B. Cuningham, Davis, Hoxie & Faithfull, T. Roland Berner, New York City, for appellant.
 Leonard S. Lyon, Lyon & Lyon, Los Angeles, Cal., W. Elmer Ramsey, Portland, Or., Frank H. Uriell, Charles L. Byron, William E. Lucas, Chicago, Ill., Beahl T. Perrine, Cedar Rapids, Lowa, for appellees.
 Before HEALY, POPE, and CHAMBERS, Circuit Judges.
 HEALY, Circuit Judge.
 
 
 1
 This matter is before us on appeal from a summary judgment for the defendants (appellees) in an action brought by appellant for infringement of reissue patent No. 23,058.
 
 
 2
 Appellant is assignee of the original patent No. 2,056,165, which was issued October 6, 1936 after protracted proceedings before the Patent Office. The patent claimed a combination of known refrigeration elements and principles to create separate refrigeration compartments for foods desired merely to be cooled and those desired to be frozen, and to eliminate the necessity of defrosting. The sole claim was to the combination. It is unnecessary for the purposes of this case further to describe the apparatus.
 
 
 3
 In 1943 Refrigeration Patents Corporation, the then assignee of all rights in the original patent, brought an action for infringement in the District Court for the Northern District of Illinois against the Stewart-Warner Corporation. Upon trial the jury found that the invention was patentable and produced improved results, and it awarded damages in a large sum. The question of functional claims was not presented to the jury. Stewart-Warner appealed from the judgment, and in the interim between appeal and decision thereof by the Circuit Court the Supreme Court decided Halliburton Oil Well Cementing Co. v. Walker, 329 U.S. 1, 67 S.Ct. 6, 91 L.Ed. 3. The Court of Appeals reversed on the ground that the claims of the patent were stated in terms of results and failed adequately to describe the means by which the results would be obtained, in violation of 35 U.S.C.A. § 33.[1] Refrigeration Patents Corporation v. Stewart-Warner Corporation, 7 Cir., 159 F.2d 972, certiorari denied 331 U.S. 834, 67 S.Ct. 1515, 91 L.Ed. 1847. The Court of Appeals, as its opinion shows, was influenced and guided throughout by the language of Halliburton, supra.
 
 
 4
 The decision in Stewart-Warner was handed down in February of 1947. Rehearing was denied, and a fruitless effort was thereafter made to obtain certiorari. The application for reissue was filed June 18, 1948 on the ground that the original patent had been declared invalid as functional, and that such a decision could not have been foreseen when the patent was obtained. The reissue patent in suit was granted in December of 1948.
 
 
 5
 The present action was begun in April of 1951. After issue joined, both parties moved for a summary judgment. Pretrial proceedings were held by the court and a pre-trial order was formulated presenting certain opposing contentions of the parties based on stipulated facts. Additional issues were segregated for trial. Defendants' motion for a summary judgment was then granted on the ground that reissue No. 23,058 is void because no error through inadvertence, accident, or mistake as required by the reissue statute, 35 U.S.C.A. § 64,[2] was or could be shown under the facts. In granting the judgment defendants' contentions 1 and 2 embodied in the pre-trial order were upheld. These contentions are shown on the margin.[3]
 
 
 6
 The theory of the district court was that as a matter of law failure to anticipate a court decision does not constitute inadvertence, accident, or mistake within the intendment of the statute. In the findings of fact which the court made there was no finding that the original patentees deliberately and skillfully drafted the patent to cover any means which anyone might ever discover to produce the same result, or that they in any way acted fraudulently or deceptively. It is therefore clear that the third sentence of appellees' first contention (footnote 3) was not accepted.
 
 
 7
 In ruling as it did the court relied upon two cases, General Radio Co. v. Allen B. Du Mont Laboratories, 3 Cir., 129 F.2d 608, certiorari denied 317 U.S. 654, 63 S.Ct. 50, 87 L.Ed. 526, and Heidbrink v. Charles H. Hardessen Co., 7 Cir., 25 F.2d 8, certiorari denied 278 U.S. 629, 49 S.Ct. 29, 73 L.Ed. 548. These cases are plainly distinguishable on their facts. Each declared reissue patents to be void when issued because of the functional nature of the original claims. But the basis of the decisions was a finding that the patentees in obtaining the original patents acted with deceptive intent by deliberately drawing their original claims so broadly that they would cover all means of producing the same result. See page 611 of 129 F.2d of General Radio and page 10 of 25 F.2d of Heidbrink. The functional character of the claims in the original patent in General Radio was apparent upon the face of the patent. The reissue patent was obtained on the advice of attorneys eight years after the original patent was issued without ever having tested the latter's validity in court. In Heidbrink v. McKesson, 290 F. 665, 668, decided by the Sixth Circuit, the original Heidbrink patent had been declared void and the claims held to be deliberately and skillfully drafted to cover any means of producing the result; and the Seventh Circuit accepted this finding in Heidbrink v. Hardessen, supra.
 
 
 8
 In all the history of the original and reissue patents involved here no finding of such a deceptive intention has been made by any court. On oral argument before us appellees' counsel conceded that no deceptive intention was present when the original claims were drawn. We think the facts in the record warrant a finding that the original patentees acted in good faith and that their aim was to securely protect their full invention, not to cover any means of producing the result. The functional nature of the original claims was a very close question.[4] They were tested in court, and the assignee of the patent applied for a reissue promptly upon the conclusion of the Stewart-Warner litigation.
 
 
 9
 The point we have to consider is the validity of a reissue patent procured after the claims of the original patent had been judicially declared void as functional, the original having been obtained in good faith without fraudulent or deceptive intention. In this connection we are obliged to bear in mind the circumstances of the case as heretofore outlined. There can be little doubt that the decision in Halliburton v. Walker, supra, came as something of a surprise to the patent bar.[5] The broad scope of Halliburton has since been substantially narrowed in Faulkner v. Gibbs, 1949, 338 U.S. 267, 70 S.Ct. 25, 94 L.Ed. 62. There the Court indicated that, despite the use of functional language in the claims, a combination patent will be upheld if the fact of the combination rather than the novelty of any particular element is the claim patented.[6]
 
 
 10
 We are of opinion that the failure of appellant to foresee the decision in Stewart-Warner was an error through inadvertence or mistake within the sense of the reissue statute. Compare Motion Picture Patents Co. v. Laemmle, D.C., 214 F. 787; United Carbon Co. v. Carbon Black Research Foundation, D.C., 59 F.Supp. 384. The first of the cases just cited involved the validity of the fourth claim in a second reissue patent which was obtained after claim 4 of the first reissue was held void as functional in Edison v. American Mutoscope & Biograph Co., 2 Cir., 151 F. 767. The defendants argued that the error in the first reissue patent did not occur through 'inadvertence, accident, or mistake'. The court held the case to be within the reissue statute, observing that 'it is by no means easy to determine whether or not a claim is functional, and there was ample room for a genuine difference of opinion as to what the courts would hold in the case of a claim such as claim 4 * * *. It is far from simple to fix on phraseology for patent specifications and claims which will successfully resist attack, and where, as here, there was no fraud or deceptive intention, and the patentee claimed more as new than he was entitled to such error was clearly due to that inadvertence, accident, or mistake in respect of which the statute was intended to afford relief.' Motion Picture Patents Co. v. Laemmle, supra, 214 F. at page 794. The reissue patent in question in United Carbon was obtained after the original patent had been declared invalid as functional. United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 63 S.Ct. 165, 87 L.Ed. 232. The functional nature of the original claims was much more obvious than in the claims held to be invalid in Stewart-Warner, supra. The question of error through inadvertence, accident, or mistake was not directly raised, but the Court upheld a reissue patent obtained after original claims were declared to be functional, the patentee having thereafter promptly applied for a reissue.
 
 
 11
 In O'Reilly v. Morse, 15 How. 61, 56 U.S. 61, 120, 14 L.Ed. 601, the Court decided that a functional claim may be disclaimed under the disclaimer statute, 35 U.S.C.A. § 65 (1952 Revision, 35 U.S.C.A. § 253), after a court has found it to be invalid as functional. Under the statute a disclaimer must be based on error due to inadvertence, accident, or mistake without fraudulent or deceptive intent. While the disclaimer and reissue statutes serve different purposes and were enacted to meet different problems, the Court clearly recognized the possibility that a functional claim could be inserted in the patent through inadvertence. In a number of cases the reissue statute has been rather broadly interpreted, enough so, we think, to warrant upholding the reissue patent before us.[7]
 
 
 12
 Authorities are cited in appellees' brief which state that deliberate acts of applicants or their attorneys during protracted proceedings in the Patent Office prior to the issuance of a patent can not be treated as errors through inadvertence, accident, or mistake. Those cases involve fact situations in which the claims sought on reissue were deliberately cancelled during the course of negotiations for the original patent;[8] or are cases in which the patentee attempted to claim more in his reissue patent than he intended to claim or indicated that he intended to claim on the face of his original patent;[9] or they involved the intentional omission in the original patent of claims which were then being claimed in a co-pending application for another patent;[10] or the inclusion in the reissue patent of claims which had previously been disclaimed;[11] or were cases in which a fraudulent or deceptive intention was found to be present.[12]
 
 
 13
 Appellees say that the reissue of a patent is analogous to the reformation of a contract, and that the terms 'inadvertence, accident, or mistake' bear the same meaning in both instances. Specifically, they argue that the mistake here was one of law, and they observe that a mistake of law is not a ground upon which reformation of contract may be had. The language of a few cases and the judicial history of reissue patents lend some support to the claimed general analogy. Grant v. Raymond, 6 Pet. 217, 31 U.S. 217, 8 L.Ed. 376; Sontag Chain Stores Co. v. National Nut Co., 310 U.S. 281, 295, 60 S.Ct. 961, 84 L.Ed. 1204; Dill Mfg. Co. v. J. W. Speaker Corp., supra. However, the analogy is not to be pressed too far. A study of the decisions indicates a recognition that the purpose of a reissue is to protect a patentee's right to receive the benefits of his invention; and the courts have not bound themselves or the Patent Office to the observance of the strict rules of contract law relating to reformation. See Motion Picure Patents Co. v. Laemmle, supra; United Carbon Co. v. Carbon Black Research Foundation, supra; Perfection Disappearing Bed Co. v. Murphy Wall Bed Co., supra (note 7); Freeman v. Altvater, supra (note 7) p. 858; Detrola Radio & Television Corp. v. Hazeltine Corp., supra (note 7).
 
 
 14
 There has been some discussion of the effect, if any, of the omission of the words 'inadvertence, accident, or mistake' in section 251 of the Patent Act of 1952.[13] The reviser's notes indicate that the omission of these words was not intended to change the substantive law, and it is clear that the test as to what type of error is required to warrant reissue remains the same as before.
 
 
 15
 The judgment is reversed and the cause is remanded to the district court for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 'Before any inventor or discoverer shall receive a patent for his invention or discovery he shall * * * file in the Patent Office a written description of the same, and of the manner and process of making * * * and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art or science to which it appertains, * * * to make, construct, compound, and use the same; and in case of a machine, he shall explain the principle thereof, and the best mode in which he has contemplated applying that principle, so as to distinguish it from other inventions; and he shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery. * * *' 35 U.S.C.A. § 33, Revised Statutes 4888. (1952 Revision, 35 U.S.C.A. §§ 111, 112, 162.)
 
 
 [2]
 'Wherever any patent is wholly or partly inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the commissioner shall, on the surrender of such patent and the payment of the duty required by law, cause a patent for the same invention * * * to be reissued to the patentee * * * for the unexpired part of the term of the original patent. * * *' 35 U.S.C.A. § 64, Revised Statutes § 4916. (1952 Revision, 35 U.S.C.A. §§ 251, 252.)
 
 
 [3]
 '1. That the reissue patent 23,058 in suit was not authorized by law. The original patent was adjudged invalid because functional in Refrigeration Patents Corporation v. Stewart-Warner Corporation, 7 Cir., 159 F.2d 972. The patentees deliberately and skillfully drafted and included claims in the original patent to cover any means which anyone might ever discover to produce the same result; therefore, the granting of a reissue patent on the theory of inadvertence, accident, or mistake in describing the invention was not authorized under R.S. 4916 (35 U.S.C. 64).'
 '2. That the reissue patent in suit, its file history, and the original patent and its history, establish that there is no proper showing of inadvertence, accident, or mistake, as is required by the statute as an indispensable prerequisite to granting reissue, and that, therefore, the reissue patent in suit is invalid in law and improperly granted.'
 
 
 [4]
 The claims are elaborately set out in the opinion of the court in Refrigeration Patents Corporation v. Stewart-Warner Corporation, supra, and they need not be repeated here
 
 
 [5]
 We note for what, if any, significance it may have a portion of a statute enacted July 19, 1952, 66 Stat. 798, 35 U.S.C.A. § 112, adding a new provision relating to functional claims for combination patents, reading as follows: 'An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.'
 
 
 [6]
 The Court said: 'The record, briefs and arguments of counsel lead us to the view that Halliburton, supra, is inapposite. We there held the patent invalid because its language was too broad at the precise point of novelty. In the instant case, the patent has been sustained because of the fact of combination rather than the novelty of any particular element.'
 
 
 [7]
 Topliff v. Topliff, 145 U.S. 156, 171, 12 S.Ct. 825, 36 L.Ed. 658; Freeman v. Altvater, 8 Cir., 138 F.2d 854, 858; Detrola Radio & Television Corp. v. Hazeltine Corp., 6 Cir., 117 F.2d 238, reversed on other grounds 313 U.S. 259, 61 S.Ct. 948, 85 L.Ed. 1319; National Nut Co. v. Sontag Chain Stores Co., 9 Cir., 107 F.2d 318, 330-31, reversed on other grounds 310 U.S. 281, 60 S.Ct. 961, 84 L.Ed. 1204; Gross v. Narris, D.C., 18 F.2d 418, 422, modified but adopted on this point, 4 Cir., 26 F.2d 898; Perfection Disappearing Bed Co. v. Murphy Wall Bed Co., 9 Cir., 266 F. 698, 699; American Automotoneer Co. v. Porter, 6 Cir., 232 F. 456, 460; Moneyweight Scale Co. v. Toledo Computing Scale Co., 7 Cir., 187 F. 826, 831; Crown Cork & Seal Co. v. Aluminum Stopper Co., 4 Cir., 108 F. 845, 852-853; Sewing Machine Co. v. Frame, C.C., 24 F. 596
 
 
 [8]
 Dobson v. Lees, 137 U.S. 258, 11 S.Ct. 71, 34 L.Ed. 652; Union Switch & Signal Co. v. Louisville Frog, etc., Co., 6 Cir., 73 F.2d 550; Hatmaker v. Dry Milk Co., D.C., 29 F.2d 918, 921, affirmed 2 Cir., 34 F.2d 609, certiorari denied 280 U.S. 604, 50 S.Ct. 86, 74 L.Ed. 649; Grand Rapids Show Case Co. v. Baker, 6 Cir., 216 F. 341
 
 
 [9]
 Parker and Whipple Co. v. Yale Lock Co., 123 U.S. 87, 8 S.Ct. 38, 31 L.Ed. 100; Coon v. Wilson, 113 U.S. 268, 5 S.Ct. 537, 28 L.Ed. 963; Russell v. Dodge, 93 U.S. 460, 23 L.Ed. 973; Dill Mfg. Co. v. J. W. Speaker Corp., D.C., 83 F.Supp. 21; Yale Lock Mfg. Co. v. James, C.C., 20 F. 903
 
 
 [10]
 American Steel Foundries v. Laughlin, D.C., 30 F.2d 137
 
 
 [11]
 Frank Adam Electric Co. v. Federal Electric Products Co., 8 Cir., 200 F.2d 210
 
 
 [12]
 General Radio Co. v. Du Mont Laboratories, supra; Heidbrink v. Hardessen, supra
 
 
 [13]
 'Whenever any patent is, through error without any deceptive intention, deemed wholly or partly inoperative or invalid, * * * the Commissioner shall, * * * reissue the patent * * *.' 35 U.S.C.A. § 251